SIGNATURE INFORMATION
SOLUTIONS, LLC,
Appellant

v.

ASTON TOWNSHIP.

Commonwealth Court of Pennsylvania.

Argued Feb. 9, 2010.

Decided May 26, 2010.

Craig J. Staudenmaier, Harrisburg, for appellant.

M. Elizabeth Naughton Beck, Media, for appellee.

BEFORE: PELLEGRINI, Judge, BUTLER, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.[1]

Signature Information Solutions, LLC, (Requester) appeals from the May 27, 2009, order of the Court of Common Pleas of Delaware County (trial court), which reversed the Final Determination of the Pennsylvania Office of Open Records (OOR) directing Aston Township (Township) to supply Requester with information it requested pursuant to the Right–to–Know Law (Law).[2] We reverse.

On January 28, 2009, Requester submitted a standard right-to-know request form to the Township, seeking "printouts of the current tax year information (including

1. This case was reassigned to the authoring Judge on March 17, 2010.

2. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

3. Section 704(b) of the Law provides, in pertinent part, as follows:

   (1) ... [A]n agency may respond to a request by notifying the requester that the record is available through publicly accessible electronic means....

INTERIM tax bills), as well as any other charges for lienable items against the real estate that your tax entity collects, with regard to ... [two specified properties. Requester also sought] Homestead Rebate information where applicable." (R.R. at 5a; Findings of Fact, Nos. 1–2.)

The Township denied the request because the information "is available through publicly accessible electronic means by accessing *www.co.Delaware.pa.us*, see Section 704 of the Act." [3] (1/29/09 Letter, R.R. at 6a; Findings of Fact, No. 4.) The Township advised, "Should [Requester] require a certification of the tax status for the property identified, a written request can be submitted to the Tax Collector for Aston Township, along with the requisite fee...." (1/29/09 Letter, R.R. at 6a.)

On February 11, 2009, Requester filed an appeal with the OOR, stating, in part, as follows:

We are aware of the county site and do research information from the county on a regular basis with no issue. Our request was focused [on] the information maintained by the tax collector. [Township employees] have been upholding the argument that they ... would need to obtain a certification from the tax collector. We were simply ... requesting the information from the [open records officer].

(R.R. at 7a.) By letter dated February 11, 2009, the OOR notified the parties that it

(2) If the requester is unwilling ... to access the record electronically, the requester may, within 30 days following receipt of the agency notification, submit a written request to the agency to have the record converted to paper. The agency shall provide access to the record in printed form within five days of the receipt of the written request for conversion to paper.
65 P.S. § 67.704(b).

would assign an Appeals Officer to review the case and that the parties could submit additional information regarding the appeal within seven calendar days. (R.R. at 9a.)

The Township submitted nothing to the OOR within seven calendar days. On February 27, 2009, however, the Township submitted an "Explanation of Grounds for Denial of Request" (Explanation). The Township asserted that it denied the request pursuant to section 705 of the Law, which states that "an agency shall not be required to create a record which does not currently exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize the record." 65 P.S. § 67.705. Although the Township previously denied the request under section 704 of the Law because the printouts were available through the county web site, the Township now asserted that printouts with the requested information do not exist. (R.R. at 13a.)

> [S]uch information would need to be assembled and then created in the form of a database to be provided to [Requester]. This request seeks the type of information typically provided in the form of a Tax Certification/Lien Search.... The Certification requires intensive research on the part of the Township officials and employees. In order to prepare a Certification, a Township official or employee must search various records in numerous databases (including but not limited to paper files, bank deposits, court orders and county assessment appeals). From this information the Township official would then assemble the data and figures and create a certified record. In some instanc-

es, a search of this nature may take many hours. This Certification is not a public record and is not subject to the [Law] as it requires the creation of a record, which is specifically exempted ... under Section 705. **[Requester] attempts to circumvent the Township policy on Certifications through the Right to Know request.**

> The Township requires a Certification fee of $15.00 per researched and certified year....

(R.R. at 13a–14a) (emphasis added).

In a March 4, 2009, letter, the Appeals Officer advised the Township as follows:

> Please be advised that your Explanation does not support nor appear to pertain to the Township's January 29, 2009 denial letter that advises certain information is available to the public electronically and so need not be provided as per Section 704....

> The Explanation asserts **new and previously not cited grounds for denial that are not properly raised here.** As to the reasons stated in the Denial, please specify what of the information requested ... is available publicly at the website the Township provided, and provide an Attestation ... as to whether the remaining information exists to be printed out as requested.

(R.R. at 20a) (emphasis added).

In response, the Township filed a "Supplemental Explanation of Grounds for Denial of Request," asserting that it denied the request because "some or all" of the information is available on the Delaware County website.[4] (R.R. at 21a.) The Township also attached the affidavit of its Tax Collector, which stated that "the information requested ... is not available in

---

4. We note that the Township actually denied the request because **all** of the information was

available on the website.

one single document or 'printout' but must be assembled by me from a review of multiple documents and/or sources."[5] (R.R. at 24a.)

In a Final Determination, the Appeals Officer concluded that: (1) the Township improperly denied Requester's request based on electronic availability because, under section 704(b)(2) of the Law, the Township is required to provide printouts of public records when a requester is not willing to access a public record electronically; (2) although the Township is not obligated to create a record under section 705 of the Law, the Township did not deny Requester access to the requested information on that basis; (3) the Township cannot convert a proper right-to-know request into a tax certification request, and any similarity between a tax certification request and the request here is irrelevant; and (4) "[m]ere assembly of a separate record from a series of existing records is not 'creation' of a document under Section 705 [of the Law]. Regardless of whether there is a single screen, or multiple screens containing the requested information, if it exists, the Township must provide it." (R.R. at 36a.)

The Township filed an appeal with the trial court, which reversed the OOR's Final Determination. The trial court stated that: (1) because the Appeals Officer could expand the record under section 1102(a) of the Law,[6] the Township was not limited to its initial reason for denial of the right-to-know request; and, (2) under section 705 of the Law, the Township was not required to assemble the information requested from a review of multiple documents or sources. Requester now appeals to this court.

Requester argues that the trial court erred in concluding that section 1102(a) of the Law allowed the Township to assert a different reason for its denial of the right-to-know request. We agree.

We begin by pointing out that section 903(2) of the Law requires that a denial of a right-to-know request include the "specific reasons for the denial, including a citation of supporting legal authority."[7] 65 P.S. § 67.903(2). Section 1101(a)(1) of the Law states that an appeal to the OOR "shall address any grounds stated by the agency for ... denying the request." 65 P.S. § 67.1101(a)(1). Here, the Township's specific reason for its denial was the availability of the information on the county web site, citing section 704 of the Law as supporting legal authority for the denial. Requester's appeal addressed that issue.

Section 1102(a) of the Law provides, in pertinent part, as follows:

(a) Duties.—An appeals officer ... shall do all of the following:

(1) Set a schedule for the requester and the open-records officer to **submit documents in support of their positions.**

---

5. We note that the Township did not provide what the Appeals Officer directed, i.e., a statement specifying the information that is available publicly at the web site and an attestation as to whether the remaining information exists to be printed out as requested.

6. 65 P.S. § 67.1102(a). Under section 1102(a) of the Law, the parties may submit documents in support of their positions, and the appeals officer may hold a hearing for the submission of evidence. *Id.*

7. As indicated, the Township set forth a specific reason for the denial and cited section 704 of the Law as supporting legal authority; however, if the reason given and the authority cited did not reflect the actual reason for the denial, then the Township failed to comply with section 903(2) of the Law. Indeed, we read section 903(2) of the Law to require an agency to provide the **actual** reason for the denial.

(2) Review all information filed relating to the request. The appeals officer may hold a hearing. A decision to hold or not to hold a hearing is not appealable. The appeals officer may admit into evidence testimony, evidence and documents that the appeals officer believes to be reasonably probative and relevant to an issue in dispute.

65 P.S. § 67.1102(a) (emphasis added). Contrary to the trial court's reading of the provision, section 1102(a) of the Law does **not** permit an agency that has given a specific reason for a denial to assert a different reason on appeal. Section 1102(a) of the Law permitted the Township only to submit documents in support of its stated position.

If an agency could alter its position after the agency stated it and the requester addressed it in an appeal, then the requirements in sections 903(2) and 1101(a)(1) of the Law would become a meaningless exercise. An agency could assert any improper reason for the denial of a right-to-know request and would not have to provide an arguably valid reason unless and until the requester filed an appeal. Such a reading of section 1102(a) of the Law would make a mockery of the process set forth in the Law.

Indeed, under section 902(a)(4) of the Law, if an agency is uncertain regarding its duty to disclose requested information under the Law, the agency may assert the need for an extension of time to perform a legal review to determine whether the requested information is subject to access. 65 P.S. § 67.902(a)(4). Thus, no agency can claim that it lacked sufficient time to consider the reason it decided to give for denying a right-to-know request.

Furthermore, section 1102(b)(3) of the Law states that, "[i]n the absence of a regulation, policy or procedure governing appeals under this chapter [Chapter 11], the appeals officer shall rule on procedural matters on the basis of justice, fairness and the expeditious resolution of the dispute." It is not fair or just to a requester to allow an agency to alter the reason given for a denial after the requester has taken an appeal based on the stated reason. Moreover, permitting an agency to set forth additional reasons for a denial at the appeal level does not allow for an expeditious resolution of the dispute.

Based on the foregoing, we conclude that the trial court erred in allowing the Township to alter its reason for denying Requester's right-to-know request and in considering whether the Township could have properly denied Requester's right-to-know request under section 705 of the Law.

Accordingly, we reverse.[8]

Judge BUTLER concurs in the result only.

### ORDER

AND NOW, this 26th day of May, 2010, the order of the Court of Common Pleas of Delaware County, dated May 27, 2009, is hereby reversed.

---

**8.** Because of our disposition of these issues, we need not address other issues raised in the briefs.