**Robert T. McCLINTOCK, Appellant**

v.

**COATESVILLE AREA SCHOOL DISTRICT.**

Commonwealth Court of Pennsylvania.

Argued June 19, 2013.

Decided Aug. 9, 2013.

---

**10.** Act of June 20, 1947, P.L. 745, *as amended*, 24 P.S. § 582.1–582.13.

Brian H. Leinhauser, Malvern, for appellant.

Vincent L. Champion, Casey A. Coyle and Dean F. Piermattei, Harrisburg, for appellee.

J. Chadwick Schnee, Assistant Chief Counsel, Harrisburg, for amicus curiae Office of Open Records.

BEFORE: PELLEGRINI, President Judge, and McGINLEY, Judge, and LEADBETTER, Judge, and COHN JUBELIRER, Judge, and SIMPSON, Judge, and McCULLOUGH, Judge and COVEY, Judge.

OPINION BY Judge COHN JUBELIRER.

Robert T. McClintock (Requester) filed four Right–to–Know Law[1] (RTKL) Requests for records from the Coatesville Area School District (District). The District did not respond to his Requests within five business days; therefore, under the RTKL,[2] his Requests were "deemed denied." Receiving no response, Requester first appealed to the Office of Open Records (OOR), which partially granted his Requests, and then to the Court of Common Pleas of Chester County (trial court), which affirmed the OOR's Final Determination, and now to this Court. Requester argues that the District's failure to respond at all to his initial RTKL Requests should result in the waiver of the District's right to raise any exceptions set forth in Section 708(b) of the RTKL[3] as defenses to his Requests on appeal. However, based upon our Supreme Court's recent decision in *Levy v. Senate of Pennsylvania*, —— Pa. ——, 65 A.3d 361 (2013), we conclude that a deemed denial does not result in a deemed waiver. Accordingly, we affirm.

---

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

2. *See* Section 901 of the RTKL, 65 P.S. § 67.901.

3. 65 P.S. § 67.708(b). Section 708(b) sets forth 30 exceptions that exempt public records from access by a requester. *Id.*

Requester submitted four Requests for records to the District on March 10, 2011, seeking documents relating to Graystone Academy Charter School (Graystone).[4] The District did not respond to the Requests within five business days as required by Section 901 of the RTKL; Requester therefore filed four separate appeals with the OOR dated March 18, 2011. (Appeals to OOR, R.R. at 23a–31a.) The OOR consolidated the appeals and invited the parties to submit information in support of their respective positions regarding the Requests. (OOR Letter to Parties, April 7, 2011, at 1–2.)

Responding to the appeal, the District: (1) agreed to provide some of the requested documents; (2) stated that some of the requested documents did not exist; and (3) refused to produce the remaining requested documents based upon the noncriminal investigation exception of the RTKL,[5] the predecisional deliberations exception of the RTKL,[6] and attorney-client privilege.[7] (Final Determination at 2; District Letter to OOR, March 28, 2011, C.R. at Item 13; District's Brief in Opposition to OOR Appeal at 2, C.R. at Item 16.) The District provided the affidavit of Dr. Angelo Romaniello, Jr., Assistant Superintendent and Administrative Liaison to the Board, in support of its refusal to provide Requester access to the requested documents. (Final Determination at 3; District's Brief

---

4. The documents sought by Requester were:

> 1. All correspondence regarding Graystone between the Superintendent and/or Assistant Superintendent and the School Board of Directors;
> 2. All records prepared by School personnel during, after, or in conjunction with School personnel's visits to Graystone;
> 3. All records regarding Graystone provided to the School Board of Directors for their review in preparing for any public meeting;
> 4. All records regarding the renewal of Graystone's Charter;
> 5. All 2010 School Board minutes that included references to Graystone;
> 6. All tapes or recording of 2010 School Board meetings that reference Graystone;
> 7. All approved 2011 School Board minutes;
> 8. All tapes or recordings of 2011 School Board meetings;
> 9. All draft minutes of 2011 School Board meetings where the minutes have not been approved by the School Board and another School Board meeting has taken place.
>
> (OOR Letter to Parties, April 7, 2011, at 1.)

5. *See* Section 708(b)(17) of the RTKL, 65 P.S. § 67.708(b)(17) (*providing that certain records relating to a noncriminal investigation, including* "[i]nvestigative materials, notes, correspondence and reports," *are exempt from disclosure*).

6. *See* Section 708(b)(10)(i)(A) of the RTKL, 65 P.S. § 67.708(b)(10)(i)(A) (providing that a record that reflects "[t]he internal predecisional deliberations of an agency" is exempt from disclosure).

7. The District provided the following factual background regarding Graystone:

> Graystone is a charter school located within the District. Graystone's initial charter was granted to begin in the 200[0]–2001 school year for a five year period and renewed by the Board on September 26, 2006 for another five year period. The Board is statutorily required to ensure that charter schools within the District are in compliance with their respective charters, the Charter School Law and the applicable provisions of the Pennsylvania Public School Code of 1949[, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1–101—27–2702]. *See* 24 P.S. §§ 17–1728–A, 17[–]1729–A. As a result of receiving correspondence that Graystone intended to seek a renewal of its charter, the Board, through designated agents, began to conduct the required review of Graystone. After evaluating the results of the review, the Board determined that there existed causes for nonrenewal or termination of the Graystone charter and issued a Notice of Revocation of Charter listing the reasons for revocation and scheduling a public hearing. (OOR Final Determination at 3.)

in Opposition to OOR Appeal, Ex. A, C.R. at Item 16.)

Requester filed a reply with the OOR. (Final Determination at 4; Requester's Reply Brief, C.R. at Item 17.) Among other arguments, Requester contended that the District had waived all exceptions from disclosure as provided for in Section 708(b) of the RTKL as a result of the deemed denial of the Requests, or, in the alternative, that the District had not proven that the records were not subject to disclosure under the RTKL. (Final Determination at 4–5; Requester's Reply Brief, C.R. at Item 17.)

Upon review, the OOR first held that the District's failure to respond to the Requests did not result in the waiver of the District's right to assert a reason for denying the Requests on appeal. (Final Determination at 7.) Based upon this Court's decision in *Signature Information Solutions, LLC v. Aston Township*, 995 A.2d 510 (Pa.Cmwlth.2010), the OOR rejected Requester's contention that permitting the District, after it failed to timely respond to the Requests, to assert reasons for denying the Requests on appeal to the OOR " 'does not allow for an expeditious resolution of the dispute.' " (Final Determination at 5 (quoting *Signature Information*, 995 A.2d at 513).) Recognizing that, pursuant to *Signature Information*, an agency may not *alter* its reason for a denial between the initial denial and the appeal, the OOR determined that because the denial in this matter was a "deemed" denial, the District did not *alter* its

grounds for denial, but instead "set forth grounds during the appeal that the Requester had the opportunity to address." (Final Determination at 7.)

The OOR then evaluated the merits of the denial of the Requests and ordered the disclosure of some, but not all, of the records to which the District had denied access. (Final Determination at 8–9.) Requester appealed the OOR's Final Determination to the trial court, again contending that all records sought had to be provided because the District waived all exceptions from disclosure provided by the RTKL when its failure to timely respond to the Requests resulted in an automatic deemed denial. The trial court distinguished this Court's decision in *Signature Information* and rejected Requester's contention. The trial court further held that the OOR properly denied the Requests for the records that remained in dispute. This appeal followed.[8]

On appeal, Requester does not challenge the OOR's Final Determination on the merits of the District's denials. The only issue before us is whether a failure to respond to a RTKL request, which is considered a "deemed denial" under Section 901, results in a deemed waiver by an agency of all the exceptions set forth in Section 708(b) as defenses on appeal to the OOR.[9] Section 901 provides that the time for an agency to respond to a RTKL request "shall not exceed five business days from the date the written request is received" and if the agency fails to respond within five business days, "the written re-

---

8. This Court's standard of review is limited to determining whether the trial court committed an error of law, violated constitutional rights, or abused its discretion. *SWB Yankees LLC v. Gretchen Wintermantel*, 999 A.2d 672, 674 n. 2 (Pa.Cmwlth.2010), *aff'd*, 615 Pa. 640, 45 A.3d 1029 (2012). " 'The scope of review for a question of law under the [RTKL] is plenary.' " *Id.* (quoting *Stein v. Plymouth*

*Township*, 994 A.2d 1179, 1181 n. 4 (Pa. Cmwlth.2010)).

9. We note that this is the only issue raised in Requester's "Pa. R.A.P. 1925(b) Statement of Errors Complained of on Appeal" (C.R. at Item 35) and in the briefs filed with this Court.

quest for access shall be deemed denied." 65 P.S. § 67.901.

In *Signature Information*, the requester submitted a request to the township seeking real estate tax information. The township denied the request, giving as its reason that the information was available on the county's website. The requester appealed the denial to the OOR, which permitted the parties to submit additional information. At that point the township asserted, for the first time, that it denied the request pursuant to Section 705 of the RTKL, 65 P.S. § 67.705, and alleged that it was not required to create a record that did not exist. The OOR ordered the township to disclose the records and the township appealed to the trial court, which held, *inter alia*, that the township was not limited to its initial reason for denying the RTKL request.

On appeal, we reversed the decision of the trial court, holding that the RTKL does not permit an agency that has given a specific reason for a denial to assert a different reason on appeal. *Signature Information*, 995 A.2d at 514. We pointed out that an agency must include specific reasons for denying a RTKL request pursuant to Section 903(2) of the RTKL,[10] and that an appeal of such denial to the OOR must address any grounds set forth by the agency for the denial pursuant to Section 1101(a)(1) of the RTKL.[11] *Id.* at 513. We reasoned that "[if] an agency could alter its position after the agency stated it and the requester addressed it in an appeal, then the requirements in [S]ections 903(2) and 1101(a)(1) of the [RTKL] would become a meaningless exercise." *Id.* at 514. We further reasoned that "permitting an agency to set forth additional reasons for a denial at the appeal level does not allow for an expeditious resolution of the dispute" as required by Section 1102(b)(3) of the RTKL.[12]

After the current matter was appealed to this Court, our Supreme Court issued its decision in *Levy*.[13] There, a journalist sought, through a RTKL request, "documents relating to the legal representation of Senate Democratic Caucus employees." *Levy*, —— Pa. at ——, 65 A.3d at 363. The Senate open records officer provided the documents with portions redacted based upon attorney-client privilege. *Id.* at ——, 65 A.3d at 364. On appeal to the Senate Appeals Officer, the Senate, for the first time, asserted additional alternate reasons for non-disclosure of the redacted portions. *Id.* at ——, 65 A.3d at 365. The Senate Appeals Officer determined that portions of the redacted documents were protected by attorney-client privilege but "that the Senate failed to demonstrate the necessary

---

**10.** 65 P.S. § 67.903(2) (providing that a denial shall be in writing and include "[t]he specific reasons for the denial, including a citation of supporting legal authority").

**11.** 65 P.S. § 67.1101(a)(1) (providing that an appeal "shall address any grounds stated by the agency for delaying or denying the request").

**12.** 65 P.S. § 67.1102(b)(3) (providing that an "appeals officer shall rule on procedural matters on the basis of justice, fairness and the expeditious resolution of the dispute").

**13.** In light of the issuance of the Supreme Court's opinion in *Levy*, this Court, by Order of April 25, 2013, directed the parties to file supplemental briefs addressing the impact of *Levy* on the issue of whether a deemed denial of a RTKL request results in a deemed waiver of an agency's right to raise the exceptions set forth in Section 708(b) of the RTKL, 65 P.S. § 67.708(b), as defenses on appeal to the OOR. We also *invited* the Pennsylvania NewsMedia Association to file an *amicus* brief, which it timely filed with this Court in support of the District's position. The OOR and the Pennsylvania School Boards Association, in support of the District, had previously filed *amicus* briefs.

factual predicate for assertion of" the alternate reasons for non-disclosure. *Id.*

Upon review by this Court, we held, based upon *Signature Information,* that the Senate had waived all its alternate reasons for redacting documents relating to Senate members' hiring outside attorneys by failing to raise them in its initial written denial of Levy's RTKL request. *Id.* at ——, 65 A.3d at 367. The Supreme Court reversed our holding and held that this Court's "*per se* waiver rule set forth in *Signature Information* and its progeny is unnecessarily restrictive." *Id.* at ——, 65 A.3d at 383. The *Levy* decision specifically abrogated our holding in *Signature Information* that "an agency waives any reasons for non-disclosure not raised in its initial ... written response" to a RTKL request. *Id.*

Although Requester recognizes the Supreme Court's decision in *Levy,* he urges this Court to revive the *Signature Information* waiver rule for this case because, here, the District ignored the RTKL Requests and provided no reason at all for its failure to provide the requested documents. Requester argues that where an open records officer acknowledges receipt of a request, yet ignores the request and provides no response, such blatant disregard for the right of public access to public records must be sanctioned by applying the *Signature Information* rule. Requester also argues that by permitting the District to assert the exceptions set forth in Section 708(b) of the RTKL on appeal of a deemed denial violates the RTKL's requirements that procedural matters be resolved fairly and expeditiously, and that

the open records officer make a good faith effort in responding to a RTKL request.

In reaching its holding in *Levy,* the Supreme Court thoughtfully considered the concerns that Requester now raises before this Court. Finding the statutory language ambiguous, the Supreme Court weighed the "overriding purpose of the RTKL" of "ensuring expanded and expedited transparency in our government" and the "legislative intent to shield numerous categories and subcategories of documents from disclosure in order to protect, *inter alia,* the Commonwealth's security interests and individuals' privacy rights." *Levy,* —— at ——, 65 A.3d at 382. The Supreme Court reasoned that "adoption of the *Signature Information* [r]ule undermines the specific legislative intent to shield these documents from disclosure, merely as a consequence of an open records officer's failure to list a legitimate reason for non[-]disclosure on the agency's initial written denial." *Id.* Recognizing that the deemed denial provisions, *inter alia,* set forth in Sections 901, 902[14] and 1101(b)[15] of the RTKL "demonstrate an intent for an expedited determination of RTKL requests," *id.* at ——, 65 A.3d at 381, the Supreme Court explained that

given the specified statutory time frame for each stage of the RTKL process, there is little concern that the addition of new reasons for non-disclosure at the appeals officer stage will effect the speed of any ultimate decision as the appeals officer's decision must be issued within thirty days regardless of the number of asserted reasons for denial.

*Id.* at ——, 65 A.3d at 382. The Supreme Court also expressed due process concerns

---

**14.** 65 P.S. § 67.902 (providing that a request for access shall be deemed denied, absent an agreement by the requester, if the response by the open records officer is expected to exceed 35 days).

**15.** 65 P.S. § 67.1101(b) (providing that "[u]less the requester agrees otherwise," "[i]f the appeals officer fails to issue a final determination within 30 days, the appeal is deemed denied").

related to the *Signature Information* waiver rule with respect to interested third parties because they "may be limited in their ability to raise defenses to disclosure separate from the reasons originally raised by the agency, even though the [interested parties] were provided no notice of the original request." *Id.* The Supreme Court concluded that, given the efficiency of the RTKL process, "there is no guarantee that interested individuals will be heard or their objections to disclosure addressed." *Id.*

The reasoning in *Levy* applies with as much force where an open records officer fails to list a reason for non-disclosure on the agency's initial written denial as when it fails to provide a written denial at all for non-disclosure. The specific legislative intent to shield certain documents or information from disclosure and the due process concerns are the same in both situations. The General Assembly specified that failure to respond to a RTKL request would result in a deemed denial of the request; it did not also sanction that failure with the waiver of otherwise legitimate reasons for non-disclosure.[16]

Accordingly, pursuant to *Levy*, we hold that a deemed denial of a RTKL request, as provided for in Section 901 of the RTKL, does not result in a deemed waiver of an agency's right to raise the exceptions set forth in Section 708(b) of the RTKL, 65 P.S. § 67.708(b), as defenses on appeal to the OOR. Therefore, the trial court's Order is affirmed.

Judge McCULLOUGH dissents.

### ORDER

**NOW,** August 9, 2013, the Order of the Court of Common Pleas of Chester County entered in the above-captioned matter is **AFFIRMED.**

DISSENTING OPINION BY President Judge PELLEGRINI.

Because I would hold that the Coatesville Area School District's (District) failure to file a timely response to a Right–to–Know Law (RTKL)[1] request with no explanation or reason results in a waiver of all the issues that the agency can raise, I respectfully dissent.

Robert T. McClintock (Requester) submitted four requests for records to the District on March 10, 2011, seeking documents relating to Graystone Academy Charter School (Graystone). When the District failed to timely respond to the request,[2] Requester filed an appeal with

---

16. We note that a requester can seek penalties in the form of attorney fees and costs under Sections 1304(a) and 1305(a) of the RTKL, 65 P.S. §§ 67.1304(a), 1305(a), if access to a public record is denied in bad faith. Section 1304 provides for the award of attorney fees and costs:

(a) Reversal of agency determination.—If a court reverses the final determination of the appeals officer or grants access to a record after a request for access was deemed denied, the court may award reasonable attorney fees and costs of litigation or an appropriate portion thereof to a requester if the court finds....

(1) the agency receiving the original request willfully or with wanton disregard deprived the requester of access to a public

record subject to access or otherwise acted in bad faith under the provisions of this act[.]

65 P.S. § 67.1304(a)(1). Section 1305(a) provides "[a] court may impose a civil penalty of not more than $1,500 if an agency denied access to a public record in bad faith." 65 P.S. § 67.1305(a).

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

2. Section 901 of the RTKL, 65 P.S. § 67.901, provides that where an agency does not respond to a request for records within five business days, the request is deemed denied.

the Office of Open Records (OOR) on March 21, 2011. Before the OOR, the District refused to provide the records because it contended that they were protected by the attorney-client privilege, subject to the non-criminal investigation exemption,[3] and contained private discussions from executive sessions of the School Board. It later amended its response to include that certain parts of the documents involved its predecisional process. The District proffered no reason as to why it did not timely reply to Requester's open records request.

Requester then filed a reply with the OOR. Among other arguments, he contended that the District had waived any Section 708(b) exemptions as a result of its failure to timely respond to the request or, in the alternative, the District had not proven that the records were truly non-public. The OOR held, however, that an agency could always raise an issue on appeal because a deemed denial does not mean that the issues cannot be raised on appeal. Requester appealed to the trial court which affirmed.

Relying on our Supreme Court's recent decision in *Levy v. Senate of Pennsylvania*, —— Pa. ——, 65 A.3d 361 (2013) (overturning, in relevant part, *Signature Information Solutions, LLC v. Aston Township*, 995 A.2d 510 (Pa.Cmwlth. 2010)), which held that this Court erred in holding that an agency waives any reasons for non-disclosure not raised in its initial Section 903 written response, and that an agency could provide the Supreme Court with additional reasons for the denial of the request, the majority extends that holding to provide that where there is no response or reason given, the agency can raise the issue for non-disclosure for the first time.

*Levy* dealt with whether a response could be amended where the agency timely responded and gave reasons for the denial, reasoning that while Section 903 requires that an agency set forth its specific reasons for denial, it does not require that **all** reasons be set forth in the agency's response. What it did not address is the implications of an agency ignoring the law and disregarding the request without offering an explanation as to why it failed to comply with time limits set forth in the RTKL. Because *Levy* dealt with an instance where the agency made a good faith effort to comply, not where the agency filed any response for the first time on appeal to the OOR, I do not believe it is controlling. I would hold that for the reasons set forth below, when an agency fails to timely respond to a request for a record, the RTKL provides that the agency waives any objection to matters that it could waive, unless it provides a sufficient explanation as to why it failed to timely respond or that harm will occur if it cannot raise objections to the request.

**A.**

The RTKL provides a detailed scheme for the processing of a request for public records, how to appeal from a decision when the agency fails to respond, and what the court is to consider when hearing the appeal. When seeking public records, Section 703 of the RTKL, 65 P.S. § 67.703, provides that a requester must file a "written request [which] should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested." At that point, the request is fixed and the requester cannot change the nature of his request. *Department of Corrections v. Disability Rights Network of Pennsylvania*, 35 A.3d 830 (Pa.Cmwlth.2012). Upon

3. *See* Section 708(b) of the RTKL, 65 P.S. § 67.708(b).

receipt of the written request, Section 901 requires the agency to make a good faith effort to determine whether it has "possession, custody or control of the identified record." 65 P.S. § 67.901. If the agency fails to respond within five business days of receiving the request, it is "deemed denied." *Id.*

Section 902 of the RTKL, 65 P.S. § 67.902, allows for the agency to delay its response to the substance of the request. It provides that if the agency's open records officer determines that the request cannot be answered for certain delineated, technical reasons or that a decision cannot be made as to whether the documents are public records within the RTKL, the officer must send written notice to the requester within five business days of receiving the request to notify the requester that the request for access is being reviewed. The notice must contain the reason for the review, a reasonable date that a response is expected to be provided, and an estimate of applicable fees owed when the record becomes available. If the date by which a response is expected to be provided is in excess of 30 days from the initial five business days allowed for in Section 901, the request for access will be deemed denied unless the requester has agreed in writing to an extension to the date specified in the notice. In other words, the agency is expected to make a decision within 30 days of receiving the written request if it invokes the extension.

If the agency decides to deny the request, Section 903 of the RTKL, 65 P.S. § 67.903, provides that it must do so in writing and the denial must contain a description of the record, the reasons for denial, the name and contact information for the agency's open records officer, the date of response, and the procedure for appealing the denial.

Section 1101 of the RTKL, 65 P.S. § 67.1101, provides that the requester must appeal a denial or deemed denial within 15 business days of the agency's response or deemed denial. It requires that "[t]he appeal shall state the grounds upon which the requester asserts that the record is a public record, legislative record or financial record and **shall address any grounds stated by the agency for delaying or denying the request.**" 65 P.S. § 67.1101 (emphasis added). It also provides that an OOR appeals officer must rule on the request within 30 days of receipt of the appeal or the appeal is deemed denied.

Moreover, Section 1302(b) of the RTKL, 65 P.S. § 67.1302(b), provides that the **"record before a court shall consist of the request, the agency's response, the appeal filed under section 1101, the hearing transcript, if any, and the final written determination of the appeals officer"** (emphasis added). These enumerated documents are the only items a reviewing court is to consider. Unlike an instance where an agency files a response and there is something to amend, when the agency fails to file a response, there is nothing for the reviewing court to consider on appeal; normally, that is called a waiver.

Unlike in *Levy,* where the agency substantially complied with this provision, under the majority's interpretation, all of these provisions are read out of the RTKL and are essentially replaced with the rule that until the requester files a timely appeal from a deemed denial, the agency is under no obligation to respond at all. Because all provisions of a statute are to be given meaning, I would hold that where no response is given at all, the only reasonable interpretation of the statute is that all exemptions that the agency can waive are waived.

## B.

Were a deemed denial to result in an agency waiving the right to raise exemptions on appeal, the specific legislative intent to shield certain documents or information from disclosure and due process concerns are still addressed because an agency cannot waive the protection of documents that are shielded or that are not subject to disclosure. Thus, even though an agency waives all claims that the records in question are exempt under Section 708 of the RTKL by not timely answering the request, it does not mean that the requester is automatically entitled to the records, that a hearing is unnecessary, or that it converts a "deemed denial" into a "deemed approval" for several reasons.

Part of the reasoning behind permitting an agency to assert exemptions for the first time on appeal seems to be based upon the misplaced impression that an agency's failure to respond would result in otherwise-shielded documents being automatically disclosed. On the contrary, many documents would still be protected by law or privilege. To this end, Section 506 of the RTKL provides that:

An agency may exercise its discretion to make any otherwise exempt record accessible for inspection and copying under this chapter, if all of the following apply:

(1) Disclosure of the record is not prohibited under any of the following:

(i) Federal or State law or regulation;

(ii) Judicial order or decree.

(2) The record is not protected by a privilege.

(3) The agency head determines that the public

interest favoring access outweighs any individual, agency or public interest that may favor restriction of access.[4]

65 P.S. § 67.506.

When an agency fails to respond to a request without good cause, the net result should be that the agency has to release the documents it otherwise had the discretion to release. The only documents that the agency cannot release are those set forth in Section 506, which the General Assembly determined were the only types of documents that had to be shielded from disclosure.

The net result is that if an agency is prohibited from disclosing a document by state or federal law, court decree or privilege, the agency never had the authority on its own to release the document in the first place, the agency can raise that issue on appeal. Thus, even where a deemed denial results in a waiver of the discretionary exemptions provided in Section 708(b), the documents in question may still be protected from disclosure. For example, an agency could argue that it cannot release the records, even if it wanted to, because it is precluded from doing so by privilege or by statute which, in some cases, would subject those who released those records to criminal sanctions.[5] *See*

---

**4.** Section 306 of the RTKL also provides that "[n]othing in this act shall supersede or modify the public or nonpublic nature of a record or document established in Federal or State law, regulation or judicial order or decree."

**5.** Section 514 of the Local Tax Enabling Act, 4 Pa.C.S. § 1206(f) makes certain information in the possession of the Gaming Control Board confidential. *See Pennsylvania Gam-*

*ing Control Board v. Office of Open Records*, 48 A.3d 503 (Pa.Cmwlth.2012); *see also* Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *added by* Act of July 2, 2008, P.L. 197, *as amended*, 53 P.S. § 6924.514 ("information gained by a tax officer or any employee or agent of a tax officer or of the tax collection committee as a result of any declarations, returns, investigations, hearings or verifications shall be confidential"). 42

Section 305(a)(2),(3) of the RTKL, 65 P.S. § 67.305(a)(2)(3). In those situations only, because it is not within the agency's discretion to release those documents, those objections can be raised on appeal to the OOR.

Moreover, an agency could raise the argument that the release of the documents would cause significant harm to the public interest before the OOR. In other words, an agency must prove the "parade of horribles" which would occur if the documents in question were released in order to excuse it from following the law and carrying out its statutory obligations to timely respond to a request for public documents.

### C.

The rights of third parties would also be protected, even if the agency's failure to respond results in a waiver, because the agency can only waive the rights that it has, not the rights of third parties. Section 707 of the RTKL provides that "[i]f, in response to a request, an agency produces a record that is not a public record, legislative record or financial record, the agency shall notify any third party that provided the record to the agency, the person that is the subject of the record and the requester." 65 P.S. § 67.707. Section 1101(c)(1) of the RTKL, 65 P.S. § 67.1101(c)(1), further provides that the third party can appear before the OOR to object to release of the documents. Under this provision, the OOR would have to determine whether the rights of third parties should prevent the documents from being released, notwithstanding that the agency has not responded to the request and waived its objections to release of the information.

### D.

Finally, an agency's failure to respond does not necessarily preclude the agency from raising issues before the OOR, as it could request that it be permitted to file its response *nunc pro tunc* because it had good cause as to why it did not comply with the time limits prescribed by the General Assembly. No such excuse was offered by the District as to why it failed to timely respond to the request in this case.

This leads to my final point: an agency should not be permitted to ignore the law by doing nothing because it frustrates the legislative mandate that agencies should act promptly in answering request for public records. Agencies might not respond with the hope that a citizen would not appeal or fail to appeal within the prescribed 15 days—essentially hoping that the requester would "go away." Then, even if the requester knows the RTKL thoroughly enough and takes an appeal, the agency would not be at a disadvantage because it could then raise all the issues that it never raised before and now the requester has to respond to matters the agency raised for the first time on appeal, turning who has to respond to whom upside down.

Unlike the situation in *Levy*, where an agency had provided a response but sought to amend, holding that an agency can raise objections for the first time on appeal to the OOR, renders numerous sec-

U.S.C. § 405(2)(C)(vii)(I) provides that "Social Security account numbers and related records that are obtained or maintained by authorized personnel ... shall be confidential, and no authorized person shall disclose any such Social Security number or related record. 'Authorized persons' are defined as federal, state, political subdivision or agency or anyone that has access to Social Security numbers by law." The same penalties relating to disclosure for income tax information set forth in the Internal Revenue Code are made applicable for disclosure of social security numbers. 42 U.S.C. § 405(2)(C)(vii)(II); 26 U.S.C. § 7213.

tions of the RTKL meaningless and allows the agency to manipulate requesters. Accordingly, I respectfully dissent.

Judge McCULLOUGH joins in this dissenting opinion.