# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Philadelphia | : | |
| | : | |
| v. | : | No. 767 C.D. 2017 |
| | : | SUBMITTED: March 2, 2018 |
| Christopher A. Barosh, | : | |
| Appellant | : | |
| | | |
| City of Philadelphia | : | |
| | : | |
| v. | : | No. 768 C.D. 2017 |
| | : | |
| Christopher A. Barosh, | : | |
| Appellant | : | |
| | | |
| Christopher A. Barosh, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 769 C.D. 2017 |
| | : | |
| City of Philadelphia | : | |
| | | |
| City of Philadelphia | : | |
| | : | |
| v. | : | No. 770 C.D. 2017 |
| | : | |
| Christopher A. Barosh, | : | |
| Appellant | : | |

**OPINION NOT REPORTED**

**PER CURIAM**
**MEMORANDUM OPINION**                                    **FILED: May 9, 2018**

Christopher A. Barosh (Barosh) appeals, *pro se*, from an order of the Court of Common Pleas of Philadelphia County (trial court) ruling on two petitions for review from multiple final determinations of the Pennsylvania Office of Open

Records (OOR)[1] rendered pursuant to the Right-to-Know Law (RTKL).[2] Specifically, the trial court:

> (1) denied Barosh's petition for review thereby affirming the OOR's determination denying his appeal from the City of Philadelphia's (City) denial of his request for the financial interest statements and oaths of office of two assistant district attorneys involved in the actions leading to his arson conviction; and

> (2) granted the City's petition for review thereby determining that none of the remaining records requested, excluding those that the City elected to provide to Barosh in the interim,[3] were subject to disclosure and reversing the OOR's determinations in that regard.[4]

We affirm.

In pertinent part, the background of the above appeals is as follows. In July 2005, Barosh purchased a house on behalf of his girlfriend. On the deed, the

---

[1] The trial court consolidated these matters (CP Case Nos. 161001127, 160204598, 160204601, and 160204602) in June 2016 and, subsequently, issued a single opinion. In October 2017, we issued a *sua sponte* order consolidating the appeals at the above docket numbers.

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101 - 67.3104.

[3] The City asserts that it provided Barosh with some of the documents that he requested. (City's Brief at 11.) In addition, Barosh acknowledges that the City provided him with its Fire Code.

[4] In the underlying determinations, the OOR granted in part (procedure manuals and policies regarding fire investigations and E.M.S.) and denied in part (documents with information relating to city employees involved in investigation resulting in the arson conviction) Barosh's appeal of the City's denial of those requests. Further, the OOR granted in part and denied in part Barosh's appeal of the City's denial of his request for records relating to the transfer of evidence from its fire to its police department (City directed to provide Barosh with a blank copy of forms). Finally, the OOR granted Barosh's appeal of the City's denial of his request for its Fire Code.

Regarding the Fire Code, the City filed a July 2016 praecipe to discontinue its appeal of the OOR's directive to provide Barosh with that document. Consequently, to the extent that the trial court included that appeal in its consolidated determination, we conclude that it was harmless error and find it unnecessary to consider Barosh's assertion that it abused its discretion or lacked jurisdiction to open a closed right-to-know appeal and reverse the disclosure of public documents. Accordingly, we do not include that part of the trial court's decision in our affirmance.

girlfriend was listed as the buyer and Barosh as her power of attorney. In September 2005, he submitted an application for a homeowners' insurance policy with Allstate Insurance Company. Subsequently, Allstate discovered several reasons why the house did not qualify for a specified type of policy and notified the girlfriend of an impending cancellation and the effective date. Approximately one day after cancellation, someone set the house on fire. Ultimately, a jury convicted Barosh of arson and insurance fraud, and a judge ordered that he serve consecutive sentences.

In 2014, Barosh initiated civil litigation against individuals who were witnesses in his criminal case or somehow related to the property. When he filed numerous subpoenas seeking information from the City and third parties, a judge quashed his requests and entered successive protective orders. (Feb. 14, 2017, Trial Court Opinion at 2-3; Supplemental Reproduced Record (S.R.R.) at 3b-4b.) In the order *apropos* to the present case, a judge granted the request of the City's fire department for a protective order citing Barosh's engagement "in a pattern of unreasonable annoyance, embarrassment, oppression, burden and/or expense in the service of repeated requests for information from the City of Philadelphia[.]" (Nov. 24, 2015, Order in *Barosh v. Tarmin*, CP No. 0790, Dec. Term 2014; S.R.R. at 23b-24b.) Subsequently, the case was discontinued.

In any event, during that civil litigation, Barosh "nearly simultaneously filed a PCRA [Post Conviction Relief Act[5]] Petition and began his barrage of RTKL requests to the City of Philadelphia." (Feb. 14, 2017, Trial Court Opinion at 3; S.R.R at 4b.) Specifically, he filed 11 RTKL requests directed to the fire department therein seeking 33 separate items all related to the period underpinning his convictions. In 2015, the City denied his requests. Barosh appealed, the OOR issued

---

[5] 42 Pa. C.S. §§ 9541 - 9546.

final determinations, and the trial court concluded that the City properly denied his requests because (1) he could not use the RTKL to support his PCRA petition, and (2) his requests fell within the purview of the protective order issued in *Barosh v. Tarmin*. Barosh's appeal followed.[6]

Barosh raises the following issues on appeal:[7] (1) whether the trial court erred in holding that the non-disclosure of public documents could be based on the identity of the requester and purpose of his request; (2) whether it erred in relying on a protective order rendered in a collateral and discontinued case; and (3) whether it erred in failing to recuse for bias, prejudice or some conflict of interest. On review, we are mindful that "[a] record in the possession of a . . . local agency shall be presumed to be a public record" under Section 305(a) of the RTKL, 65 P.S. § 67.305(a). Further, an agency is required to provide any citizen access to any "public record" that is not (a) exempt from disclosure under Section 708 of the RTKL, 65 P.S. § 67.708, or any other federal or state law or regulation or judicial order or decree, or (b) protected by some privilege. Section 102 of the RTKL, 65 P.S. § 67.102.

---

[6] Where a final determination of the OOR involving a local agency has been appealed to the trial court and its order is further appealed to this Court, we are limited to determining whether the trial court committed an error of law, violated constitutional rights, or abused its discretion. *McClintock v. Coatesville Area Sch. Dist.*, 74 A.3d 378, 381 n.8 (Pa. Cmwlth. 2013). This Court's scope of review for a question of law is plenary. *Id*.

[7] In his Concise Statement of Errors Complained of on Appeal, Barosh failed to challenge the trial court's determination that the PCRA prohibited disclosure of the records that he sought. (Mar. 15, 2017, Concise Statement at 1-2; S.R.R. at 165b-66b.) Accordingly, we will not address any of his averments in that regard. *See* Pa. R.A.P. 1925(b)(4)(vii) (issues not included in the concise statement are waived).

Moreover, even though the City in the underlying OOR cases asserted three exemptions relating to security and/or safety (Section 708(b)(1)-(3) of the RTKL, 65 P.S. § 67.708(b)(1)-(3)), the trial court did not address them. Accordingly, especially in light of Barosh's failure to include an issue pertaining to those exemptions in his concise statement, we decline to address any assertions that he made regarding the inapplicability of those exemptions.

In the present case, the trial court obviously considered Barosh's identity as a convicted arsonist and his possible misuse of some of the requested items. Barosh argues that it erred in doing so, maintaining that if the same documents can be disclosed as public records via an anonymous RTKL request, then it was improper to deny him access. His position is without merit.

Section 302(b) of the RTKL provides that "[a] local agency may not deny a requester access to a public record due to the intended use of the public record by the requester *unless otherwise provided by law*." Section 302(b) of the RTKL, 65 P.S. § 67.302(b) (emphasis added). Section 102 of the RTKL, in pertinent part, defines "public record" as a record of a local agency that "is not exempt from being disclosed under any . . . judicial order or decree[.]" As exemplified by the protective order issued in Barosh's discontinued civil litigation, these two statutory provisions support the trial court's consideration of his identity as a convicted arsonist and the perceived purpose of his RTKL requests.

Moreover, contrary to Barosh's position, a protective order may act to prevent disclosure of public records responsive to a RTKL request. *Office of Dist. Attorney v. Bagwell*, 155 A.3d 1119, 1139 (Pa. Cmwlth.), *appeal denied*, 174 A.3d 560 (Pa. 2017). This is true notwithstanding the fact that "[d]iscovery conducted in a court of law and a request made under the RTKL are wholly separate processes" and that, "[i]t is only in rare circumstances . . . that a judicial order or decree governing discovery in litigation will act to prevent disclosure of public information responsive to a RTKL request[.]" *Id*. Here, the trial court found such circumstances.

Specifically regarding the situation under which a judge entered the protective order at issue, the trial court observed that it was entered in favor of the City, its fire department, and any other agency or department of the City against

Barosh and anyone acting on his behalf, regarding any and all information or documents mentioning or pertaining to various people involved in the fire, the duplex involved in the fire, "City employees, investigators, and/or witnesses connected with, related to, or involved with, in any way, the underlying investigations, incidences, actions, inactions, occurrences, or hearing(s) that led to [Barosh's] conviction for arson and/or insurance fraud." (Nov. 24, 2015, Order in *Barosh v. Tarmin*, CP No. 0790, Dec. Term 2014 at 2; S.R.R. at 24b.) The trial court determined that Barosh's requests were within the purview of the protective order, which "was entered upon full briefing in which [his] multiple RTKL requests were presented to the issuing Court and upon [its] finding that [he] had engaged in a pattern of oppressive conduct towards the City and other third parties who were involved in his arson conviction." (Feb. 14, 2017, Trial Court Opinion at 7; S.R.R. at 8b.)

Further, the fact that a judge issued the protective order in collateral litigation, which is now closed, is of no moment. The issue of Barosh's pattern of oppressive conduct toward some of the prosecution's witnesses and others and his motive in seeking information pertaining to the fire, all centering on the arson conviction, was already litigated and, therefore, binding on Barosh. *See J.S. v. Bethlehem Area Sch. Dist.*, 794 A.2d 936, 939 (Pa. Cmwlth. 2002) (holding, in part, that collateral estoppel applies where an issue decided in a prior action is identical to one presented in a later action and the party against whom collateral estoppel is asserted is in privity with a party to the prior action). Accordingly, notwithstanding the fact that Barosh discontinued that civil litigation, we find that the trial court did not err in relying on the protective order at issue.

Finally, Barosh argues that the City collectively misled the trial court thereby causing bias and prejudice sufficient to warrant the judge's recusal. In addition, he suggests that the court improperly reopened a closed case and that its opinion reflects personal bias, disregard for cases in other courts, and a close relationship with the local agency. Having carefully reviewed the trial court's opinion, however, we conclude that there is no basis for Barosh's allegations.[8]

Accordingly, we affirm.

---

[8] *See supra* note 4, at 2.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Philadelphia | : | |
| | : | |
| v. | : | No. 767 C.D. 2017 |
| | : | |
| Christopher A. Barosh, | : | |
| Appellant | : | |
| | | |
| City of Philadelphia | : | |
| | : | |
| v. | : | No. 768 C.D. 2017 |
| | : | |
| Christopher A. Barosh, | : | |
| Appellant | : | |
| | | |
| Christopher A. Barosh, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 769 C.D. 2017 |
| | : | |
| City of Philadelphia | : | |
| | | |
| City of Philadelphia | : | |
| | : | |
| v. | : | No. 770 C.D. 2017 |
| | : | |
| Christopher A. Barosh, | : | |
| Appellant | : | |

**PER CURIAM**              **O R D E R**


AND NOW, this 9th day of May, 2018, the order of the Court of Common Pleas of Philadelphia County is hereby AFFIRMED.