**BOROUGH OF WEST EASTON,**
Appellant

v.

**Tricia J. MEZZACAPPA.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 19, 2013.
Decided Sept. 6, 2013.

---

Peter C. Layman, Bangor, for appellant.

Tricia Mezzacappa, pro se.

Audrey Buglione, Assistant Counsel, Harrisburg, for amicus curiae Office of Open Records.

BEFORE: COHN JUBELIRER, Judge, LEAVITT, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

The Borough of West Easton (Borough) appeals from the January 9, 2013, order of the Court of Common Pleas of Northampton County (trial court) denying the Bor-ough's appeal of the June 11, 2012, final determination of the Office of Open Records (OOR), which granted in part and denied in part Tricia J. Mezzacappa's (Requestor) request for records pursuant to the Right–to–Know Law (RTKL).[1] We affirm.

Requestor submitted a request for records to the Borough on May 8, 2012, seeking the following documents:

[1.] All 1099s issued to McFall, Layman and Jordan from 2000—present

[2.] Year to Date Check Register for 2011

[3.] Minutes of 11/14/2011 council meeting

[4.] All Statements of Financial Interest for Kelly Gross and Tom Nodoline for each year served on council

[5.] Payroll Summaries/Journals for 12/2011 to 2/2012 showing employee names and pay rates, hours worked, gross pay. I would like copies of all records[.]

(RTKL Request, 5/8/2012, at 1.)

On June 7, 2012, the Borough granted Requestor access to the February 2012 payroll journal, but denied the remainder of her request, alleging that it was disruptive pursuant to section 506 of the RTKL, 65 P.S. § 67.506. The Borough responded in pertinent part as follows:

After legal review, it does appear that the records you have requested are identical to records you requested by requests received February 21, 2012, February 22, 2012, and February 27, 2012 with the exception of your request for the February 2012 payroll journal which was not available and did not exist at that time....

Your February requests were granted and you were informed that you could

---

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

inspect the records at Borough Hall ... by appointment. With regard to the requested Minutes, you were informed that you could pick up a copy at a cost of .25 per page but you insisted that the Borough email the Minutes to you at no cost.

You chose not to inspect the Borough records or pick up the Minutes. Instead, by email dated April 4, 2012, you withdrew all your outstanding [RTKL] requests.... [2]

Your request, therefore, constitutes a disruptive request under Section 506 of the [RTKL]. It is a request for identical records which were requested and provided—which you chose not to inspect or pick up.

(Borough's Letter, 6/7/2012, at 1.)

On June 18, 2012, Requestor appealed the Borough's decision to the OOR, challenging the denial with respect to items one through four. On June 21, 2012, Requestor supplemented the record with correspondence between her and the Borough. On June 28, 2012, the Borough provided an affidavit indicating that Requestor filed three previous RTKL requests that encompassed items one through four. The affidavit granted Requestor access to inspect the requested records, but Requestor had refused.

On July 11, 2012, the OOR determined that item one was not subject to public access because it was exempt under federal law. Further, the OOR denied access to item three. The OOR determined that Requestor made repeated requests for item three and that her request was, therefore, disruptive. The OOR granted access to items two and four, concluding that Requestor had only made one prior request for those items and, therefore, those requests were not disruptive. The Borough appealed to the trial court.

■ On January 9, 2013, the trial court denied the Borough's appeal and affirmed the decision of the OOR. The Borough now appeals to this court.[3]

■ The Borough contends that the trial court erred in concluding that Requestor's request for items two and four was not a "disruptive request" under section 506 of the RTKL because a second request is a "repeated request" and responding to the request was an "unreasonable burden" for the Borough.

Section 506 of the RTKL provides in pertinent part as follows:

(a) **Disruptive requests.—**

(1) An agency may deny a requester access to a record if the requester has made repeated requests for that same record and the repeated requests have placed an unreasonable burden on the agency.

2. The February 2012 requests for inspection indicated that Requestor sought inspection between 9:00 a.m. and 11:00 a.m. due to her work schedule. (RTKL Request, 2/27/12, at 1.) The Requestor withdrew the February requests for inspection after the Borough provided access only between 1:00 p.m. and 5:00 p.m. (Requestor's Email, 4/4/12, at 1.) The Borough responded to the notice of withdrawal by advising Requestor to submit a new RTKL request, setting forth "which requests for inspection [Requestor] wish[ed] to convert to request[s] for copies." (Borough's Email, 4/6/12, at 1.) Subsequently, Requestor filed the instant request for copies of the records.

3. This court's standard of review is limited to determining whether the trial court committed an error of law, violated constitutional rights, or abused its discretion. *SWB Yankees LLC v. Wintermantel*, 999 A.2d 672, 674 n. 2 (Pa.Cmwlth.2010), *aff'd*, 615 Pa. 640, 45 A.3d 1029 (2012). " 'The scope of review for a question of law under the [RTKL] is plenary.' " *Id.* (quoting *Stein v. Plymouth Township*, 994 A.2d 1179, 1181 n. 4 (Pa.Cmwlth.2010)).

65 P.S. § 67.506. "Under this section, therefore, an agency must demonstrate that (1) 'the requester has made repeated requests for th[e] same record[(s)]' and (2) 'the repeated requests have placed an unreasonable burden on the agency.'" *Office of the Governor v. Bari*, 20 A.3d 634, 645 (Pa.Cmwlth.2011) (quoting 65 P.S. § 67.506). Here, we need not address whether Requestor's request was repeated because the trial court determined that Requestor's request did not place an "unreasonable burden" on the Borough. We agree with the trial court.

Before the trial court, the Borough argued that the request was unreasonably burdensome because the Borough has a small staff responsible for attending to Borough matters rather than responding to RTKL requests.[4] The trial court, in rejecting the Borough's assertion and finding the request not unreasonably burdensome, noted that the Borough, as a "governmental agency in a constitutionally established representative democracy, is in the business of public service." (Trial Ct. Op. at 10.) Moreover, merely because the Borough has a small part-time staff, it does not follow that the Borough is unreasonably burdened by an RTKL request. *See Bari*, 20 A.3d at 645–46 (stating that "[t]he duplicative expenditure of an agency's resources . . . is true of any repetitive request" and does not establish that the

request is unreasonably burdensome; further, staffing constraints do not establish a disruptive request).

■ The Borough further contends that the trial court erred in finding that Requestor's failure to attach a signed verification to her answer did not result in the dismissal of the averments made in that answer. We disagree.

The Pennsylvania Rules of Civil Procedure do not apply to statutory appeals, such as an appeal under the RTKL. *See Allegheny County Department of Administrative Services v. A Second Chance, Inc.*, 13 A.3d 1025, 1033 (Pa.Cmwlth.2011). Thus, Requestor's failure to attach a signed verification to her answer is immaterial.

Accordingly, we affirm.

### ORDER

AND NOW, this *6th* day of *September*, 2013, we hereby affirm the January 9, 2013, order of the Court of Common Pleas of Northampton County.

---

4. We note that the Borough indicated in its denial letter that "because the estimated number of copies of records is approximately 50, it would impose a significant burden on the Borough to again comply with this request." (Borough's Letter, 6/7/12, at 1.)