IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Dunbar,                          :
            Petitioner              :
                                     :
        v.                        :   No. 569 C.D. 2019
                                     :   Submitted: September 13, 2019
Pennsylvania State Police,               :
            Respondent              :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ROBERT SIMPSON, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT             FILED: November 21, 2019

           Gregory Dunbar, *pro se*, petitions for review of a final determination of the Office of Open Records (OOR) that denied his appeal under the Right-to-Know Law.[1]  In doing so, the OOR affirmed the Pennsylvania State Police's (State Police) partial denial of Dunbar's request for records from his criminal history.  The State Police did so for the stated reason that it did not have some of the requested records in its possession, custody or control.  Dunbar contends that the State Police denied him his right to due process by asserting two different reasons for its denial of his request.  For the reasons that follow, we affirm the OOR's dismissal of Dunbar's appeal.

           Dunbar is currently incarcerated at the State Correctional Institution at Greene.  On January 22, 2019, Dunbar submitted a Right-to-Know request to the State Police that read:

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101 - 67.3104.

> I'm requesting from [the State Police] the names of agencies, and persons [the State Police] disseminated my criminal arrest history to between 1983 to 2019 for what purpose, and what information was disseminated and what [disposition] info presented by Bucks County Clerk of Courts. (SP4-171) Request waiver of fees.

Certified Record (C.R.) Item No. 1, at 7. On February 1, 2019, the State Police invoked a 30-day extension of time to respond to Dunbar's request. *See* Section 902 of the Right-to-Know Law, 65 P.S. §67.902.

By letter dated March 4, 2019, the State Police's Open Records Officer, William Rozier, granted in part and denied in part Dunbar's request. The State Police sent Dunbar a certified copy of the dissemination log in its files detailing the release of Dunbar's criminal history between 1983 and 2019.[2] The State Police denied Dunbar's request for disposition information from the Bucks County Clerk of Courts because it did not have those records. In support of this assertion, the State Police submitted Rozier's verification, which stated that the State Police does not maintain disposition records and that they are maintained by the sentencing court. The State Police advised Dunbar to contact the Bucks County Clerk of Courts for the disposition records.

Dunbar appealed to the OOR, asserting that Rozier made a "false statement" by stating that the State Police does not maintain disposition records. C.R. Item No. 1, at 1. In support of this assertion, Dunbar cited to Section 9113 of the Criminal History Record Information Act (CHRIA),[3] which provides:

> (a) Reports of dispositions required.--All criminal justice agencies, including but not limited to, courts, county, regional

---

[2] The State Police redacted non-public information from the dissemination log. Dunbar did not challenge the redactions.

[3] 18 Pa. C.S. §§9101-9183

2

and State correctional institutions and parole and probation agencies, shall collect and submit reports of dispositions occurring within their respective agencies for criminal history record information, within 90 days of the date of such disposition to the central repository as provided for in this section.

18 Pa. C.S. §9113. Dunbar further cited to Section 9102 of CHRIA, which defines "central repository" as "[t]he central location for the collection, compilation, maintenance and dissemination of criminal history record information by the Pennsylvania State Police." 18 Pa. C.S. §9102. Dunbar argued that the State Police, as a central repository, maintains the kind of disposition records he requested. Dunbar requested that a $1,500 penalty be imposed against the State Police for making a false statement. Dunbar also complained that the State Police failed to send him a certified copy of the dissemination log and that it failed to send records beginning in the year 1983 as he requested.

In response to Dunbar's appeal, the State Police submitted an affidavit in which Rozier attested that the disposition records could not be disclosed because they constitute criminal history record information, the dissemination of which is regulated by Section 9121 of CHRIA, 18 Pa. C.S. §9121. To fulfill the requirements of CHRIA, the State Police has established the Pennsylvania Access to Criminal History (PATCH), which is the vehicle for obtaining criminal history record information. Rozier also attested that a certified copy of the dissemination log was sent to Dunbar and that the log covered the years 1983 to 2019.

On April 16, 2019, the OOR issued its final determination denying Dunbar's appeal. The OOR held that the disposition records were not subject to the Right-to-Know Law because their disclosure would conflict with CHRIA's exclusive procedure for obtaining criminal record information. Further, based on Rozier's affidavit, the OOR rejected Dunbar's contention that the dissemination log

3

was not certified and that it did not cover the years 1983 to 2019. Dunbar petitioned for this Court's review and applied for leave to proceed *in forma pauperis*. On May 15, 2019, this Court granted Dunbar's *in forma pauperis* application.

On appeal,[4] Dunbar argues that he was denied due process because the State Police offered two different reasons for denying him access to the Bucks County disposition records. He contends that Rozier made a "false statement" by first stating that the State Police does not maintain disposition records. Dunbar Brief at 8. Dunbar also argues that the OOR's final determination was not properly executed with a written signature; therefore, it is not a valid enforceable decision.

We first address Dunbar's argument that the State Police violated his right to due process by changing the reason for denying his request for the disposition records. In its initial letter, the State Police stated it did not have Dunbar's disposition records in its possession, custody or control. When Dunbar appealed to the OOR, the State Police submitted an affidavit from Rozier attesting that disposition records constitute criminal history record information under CHRIA, and can be accessed by members of the public only through the PATCH system that the State Police created pursuant to Section 9121(e) of CHRIA, 18 Pa. C.S. §9121(e) ("Criminal justice agencies may establish reasonable procedures for the dissemination of criminal history record information.").[5]

---

[4] This Court's standard of review of a final determination of the OOR is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

[5] The PATCH website sets forth the procedure for accessing disposition records:

> Dispositions on most criminal cases can be accessed by reviewing court docket sheets located at the Pennsylvania Judiciary web portal site: http://ujsportal.pacourts.us/DocketSheets.aspx. Clicking the "HELP" link on this page will provide information as to how to access the public docket sheets. However, public docket sheet information should not be used in place of a criminal

Rozier's affidavit did not make a "false statement." The State Police did not disclaim possession of disposition records but, rather, explained that disclosing disposition records under the Right-to-Know Law would violate CHRIA. Section 3101.1 of the Right-to-Know Law provides that "[i]f the provisions of this act regarding access to records conflict with any other Federal or State law, the provisions of this act shall not apply." 65 P.S. §67.3101.1. CHRIA establishes a specific process for accessing the requested disposition information. Dunbar must seek his disposition records through the PATCH system, not by a Right-to-Know request.

Dunbar cites *Levy v. Senate of Pennsylvania*, 65 A.3d 361 (Pa. 2013), to support his argument that an agency's failure to raise all grounds in its initial denial waives other grounds supporting a denial. His reliance on *Levy* is misplaced. In that case, a journalist requested legislative records relating to the legal representation of Senate Democratic Caucus employees. The Senate provided responsive documents, but explained that the documents had been redacted to protect portions of the documents that were protected by the attorney-client privilege. Later, the Senate Appeals Officer offered additional reasons for protecting the documents. On appeal to this Court, we held that the Senate had waived the additional reasons because it did not include them in its original denial. The Court cited *Signature Information Solutions, LLC v. Aston Township*, 995 A.2d 510 (Pa. Cmwlth. 2010), for the proposition that any reasons not raised in the initial written denial are deemed

---

history background check, which can only be provided by the Pennsylvania State Police.

*Pennsylvania Access to Criminal History*, PENNSYLVANIA STATE POLICE, https://epatch.state.pa.us (last visited October 23, 2019).

waived *per se*. The Senate argued that the *Signature Information* rule was contrary to the Right-to-Know Law.

In *Levy*, the Supreme Court determined that the Right-to-Know Law was ambiguous on the ability of an agency to raise new reasons for denying a request on appeal. It noted that the Right-to-Know Law is intended to advance transparency in government and the speedy resolution of requests. *Levy*, 65 A.3d at 382. It found that given the number of documents exempt from disclosure, the legislature intended to protect the Commonwealth's security interests and individuals' privacy rights. Given the ambiguity of the Right-to-Know Law and the competing statutory provisions, the Supreme Court rejected the *per se* waiver rule announced in *Signature Information* as unnecessarily restrictive. Accordingly, based on *Levy*, we reject Dunbar's argument that because the State Police asserted only one reason in its initial denial of Dunbar's Right-to-Know request, *i.e.*, that it did not have responsive records, it waived all other grounds for denying the request.[6]

Next, Dunbar asserts that because the OOR Appeals Officer did not endorse the final determination with his written signature, it was not properly executed under Rule 902 of the Pennsylvania Rules of Evidence[7] and, therefore, is inadmissible as a valid, enforceable decision. Citing to the definition of "signature" in both the Pennsylvania Rules of Criminal and Civil Procedure,[8] he contends that

---

[6] We also reject Dunbar's argument that Rozier knowingly made a false response to Dunbar's Right-to-Know request in violation of Sections 4902 and 4904 of the Crimes Code, 18 Pa. C.S. §§4902, 4904, which govern perjury and unsworn falsifications to authorities. Rozier's affidavits did not contain contradictory or inaccurate statements. It appears Dunbar misunderstood Rozier's affidavits as they related to the maintenance of disposition records.

[7] Rule 902 governs admission of evidence that is self-authenticating, meaning it requires no extrinsic evidence of authenticity. PA. R.E. 902.

[8] Rule 103 of the Pennsylvania Rules of Criminal Procedure states, in part:

6

"[e]very court of the Unified Judicial System is required to sign their written signature on their court orders." Dunbar Brief at 8.

The Pennsylvania Rules of Criminal Procedure and Civil Procedure do not apply in Right-to-Know Law proceedings. *See* PA. R.CRIM.P. 100, 103 (the Rules of Criminal Procedure which govern criminal proceedings include all actions for the enforcement of penal laws); *Borough of West Easton v. Mezzacappa*, 74 A.3d 417, 420 (Pa. Cmwlth. 2013) ("The Pennsylvania Rules of Civil Procedure do not apply to statutory appeals, such as an appeal under the [Right-to-Know Law]."). Thus, to the extent Dunbar relies on those rules, his argument lacks merit.

Furthermore, the Right-to-Know Law requires only that an appeals officer issue a final determination on behalf of the OOR. 65 P.S. §67.1101(b)(3) ("The determination by the appeals officer shall be a final order. The appeals officer shall provide a written explanation of the reason for the decision to the requester and the agency."). There is no provision in the Right-to-Know Law requiring the appeals officer to affix, in his own handwriting, his signature to the final determination. Dunbar cites to no applicable authority to support this assertion, and we have found none. Accordingly, we reject Dunbar's argument.

---

> [W]hen used in reference to documents generated by the minor judiciary or court of common pleas, includes a handwritten signature, a copy of a handwritten signature, a computer generated signature, or a signature created, transmitted, received, or stored by electronic means, by the signer or by someone with the signer's authorization, unless otherwise provided in these rules.

PA. R.CRIM.P. NO. 103. Rule 76 of the Pennsylvania Rules of Civil Procedure provides, in part:

> [W]hen used in reference to documents produced by a court of the Unified Judicial System, a handwritten signature, a copy of a handwritten signature, a computer generated signature or a signature created, transmitted, received, or stored by electronic means, by the signer or by someone with the signer's authorization unless otherwise provided in these rules.

PA. R.C.P. NO. 76.

For all the foregoing reasons, we affirm the order of the OOR denying Dunbar's appeal.

_____

MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Dunbar,            :
        Petitioner     :
                                :
       v.               :    No. 569 C.D. 2019
                                :
Pennsylvania State Police,  :
        Respondent   :

# **O R D E R**

AND NOW, this 21st day of November, 2019, the order of the Office of Open Records dated April 16, 2019, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge