DEPARTMENT OF CORRECTIONS, Petitioner

v.

DISABILITY RIGHTS NETWORK OF PENNSYLVANIA, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 23, 2011.

Decided Jan. 12, 2012.

Maria G. Macus–Bryan, Assistant Counsel, Mechanicsburg, for petitioner.

Robert W. Meek, Philadelphia, for respondent.

BEFORE: PELLEGRINI, Judge, and COHN JUBELIRER, Judge, and SIMPSON, Judge.

OPINION BY Judge PELLEGRINI.[1]

The Pennsylvania Department of Corrections (Department) appeals a Final Determination of the Office of Open Records (OOR) to produce certain records sought by the Disability Rights Network of Pennsylvania (Requestor).

Requestor sought 35 different requests from the Department under the Right-to-Know Law (RTKL),[2] of which only two are before us on appeal. In Request No. 12, it requested "records that reflect the number of admissions to psychiatric observations cells (POC) by institution and by month for the past two years of a) inmates who are in RHU and b) inmates who are in SMU." In Request No. 13, it requested "records that reflect for [sic] the number of inmates housed in either RHU or SMU by institution who were (i) administered involuntary medications, (ii) placed on suicide watch, (iii) engaged in self-harm behavior, (iv) restrained for mental health purposes over the past two years." The Department denied those two requests because those records did not exist.

The Requestor appealed to the OOR claiming that the Department's internal procedures manuals required a number of forms to be completed for inmates in the various circumstances described in Request Nos. 12 and 13 and that redacted versions of those forms would satisfy the request. In response, the Department maintained that the requested records did not exist within its possession, custody or control, and submitted Declarations of its Director and Acting Chief of Psychological Services for the Bureau of Health Care Services in support of this assertion.

The OOR ordered that the Department provide, subject to redaction of personal identification information, records responsive to Request Nos. 12 and 13 within 30 days. The Department filed a motion for reconsideration contending that there were several exemptions that would make those forms totally exempt from disclosure under the RTKL exemptions, and alleged that it did not previously have an opportunity to raise these exemptions because the Requestor had not specifically requested the forms.[3] The OOR granted the motion but affirmed its prior determination, again ordering that the Department provide the records responsive to Request Nos. 12 and 13, but subject to redaction of personal identification information and information that identified individuals that had undergone medical, psychiatric or psychological treatment. This appeal followed.[4]

---

1. This case was assigned to the opinion writer prior to January 7, 2012, when Judge Pellegrini became President Judge.

2. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

3. In its motion for reconsideration, the Department alleged that the requested forms would be exempt from disclosure pursuant to, *inter alia,* the social services exemption, Section 708(b)(28) of the RTKL, 65 P.S. § 67.708(b)(28), the personal security exemption, Section 708(b)(1)(ii) of the RTKL, 65

P.S. § 67.708(b)(1)(ii), the law enforcement exemption, Section 708(b)(2) of the RTKL, 65 P.S. § 67.708(b)(2), and the criminal and non-criminal investigation exemptions, Section 708(b)(16) and (17) of the RTKL, 65 P.S. § 67.708(b)(16) and (17).

4. A reviewing court, in its appellate jurisdiction, independently reviews the OOR's orders and may substitute its own findings of fact for that of the agency. *Bowling v. Office of Open Records,* 990 A.2d 813, 818 (Pa.Cmwlth.2010). In reviewing a final determination of the OOR, a decision of the reviewing court shall

On appeal, the Department contends that the OOR erred in ordering it to produce records pursuant to Request Nos. 12 and 13 because that is numerical data, and there are not specific forms that are completed for inmates in the various circumstances described in those requests. It argues that because the Department does not compile records that reflect the requested numerical data, compliance with the OOR's determination would require the Department to compile or organize its records in a manner in which it does not currently do so. Because an agency is not "required to create a record which does not currently exist or to compile, maintain, format or organize the record," Section 705 of the RTKL, 65 P.S. § 67.705, it contends that there are no records for it to produce. As to the materials that the OOR ordered the Department to produce, it contends that because Requestor did not request those forms in its initial request, it was prejudiced because it did not raise the applicable RTKL exemptions in its denial letter.

In response, the Requestor concedes that an agency has no obligation to create a record if one does not exist or to compile information contained in its records in a manner in which it does not already do so. However, an agency *is* required to make public records available so that requestors can examine and compile data from the records themselves. Even though it did not seek the forms in its initial request, Requestor argues that its initial request is not determinative of whether it is entitled to the requested forms. Finally, the Requestor claims that the Department's failure to raise any exemptions in its initial denial of Requestor's requests constitutes a waiver of such claims. *Signature Infor-*

*mation Solutions, LLC v. Aston Township,* 995 A.2d 510 (Pa.Cmwlth.2010).

When seeking public records, Section 703 of the RTKL, 65 P.S. § 67.703, provides that a "written request should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested." Upon receipt of the written request, the agency is then required to make a good faith effort to determine whether it has "possession, custody or control of the identified record." Section 901 of the RTKL, 65 P.S. § 67.901. The agency is not, however, required "to create a record which does not currently exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize." 65 P.S. § 67.705. Section 903 of the RTKL, 65 P.S. § 67.903, provides that if the agency denies the request, it must do so in writing and contain the following information:

(1) A description of the record requested.

(2) The specific reasons for the denial, including a citation of supporting legal authority.

(3) The typed or printed name, title, business address, business telephone number and signature of the open-records officer on whose authority the denial is issued.

(4) Date of the response.

(5) The procedure to appeal the denial of access under this act.

■ Any reason not raised in the denial letter is considered waived. *Signature Information Solutions,* 995 A.2d at 514. If the requestor appeals the agency determination, the "appeal shall state the

---

contain findings and conclusions based on the evidence as a whole. Section 1301(a) of the

RTKL, 65 P.S. § 67.1301(a).

grounds upon which the requester asserts that the record is a public record, legislative record or financial record and shall address any grounds stated by the agency for delaying or denying the request." Section 1101 of the RTKL, 65 P.S. § 67.1101. The net result is that the nature of the dispute is fixed by the denial letter and, unless the parties agree, there can be no change in the nature of the request or the reason for denial.

In this case, the OOR should have decided the case on whether the Department properly denied the request because the records did not exist. Just as an agency is not free to give additional reasons on appeal why a request should not be granted, a requestor is similarly not free to request records that were not requested below or which it did not identify with sufficient specificity. While it is true that information is contained in other documents from which the information can be gleaned, there were no records here containing the information sought by Requestor. At that point, the OOR should not have allowed Requestor to modify his request to identify forms not previously requested. *See Pennsylvania State Police v. Office of Open Records*, 995 A.2d 515, 516 (Pa.Cmwlth.2010) (holding that the OOR cannot unilaterally refashion a request in order to make it conform to the RTKL) and *Mollick v. Township of Worcester*, 32 A.3d 859 (Pa.Cmwlth.2011) ("it is the requestor's responsibility to tell an agency what records he or she wants. The OOR has no authority to remedy a requestor's failure to provide a sufficiently specific or detailed request by directing an agency to provide a sampling of the information sought in order for the requestor to fashion a more specific and detailed request.") By doing so, the OOR precluded the Department from raising appropriate exemptions to disclosure.[5] Because there are no records containing the requested information in the format sought and that was the only issue properly raised before the Department, the OOR erred in ordering access to records not sought or sufficiently identified in its request. Accordingly, the OOR's Final Determination is reversed.

### ORDER

AND NOW, this 12th day of January, 2012, the Final Determination of the Office of Open Records, dated September 30, 2011, at AP–2011–0820, is reversed.

---

**5.** Requestor cites to *Vartan v. Department of General Services*, 121 Pa.Cmwlth. 470, 550 A.2d 1375 (1988), where that requestor sought a list not in existence under the old Right–to–Know Law, Act of June 21, 1957, P.L. 390, *as amended*, 65 P.S. §§ 66.1–66.4. We held that an agency could not be compelled to develop a list for a requestor's benefit, but the form of the request did not preclude our ordering the agency to provide the documents from which the list could be developed. *Vartan* is inapplicable because under the RTKL, what is requested and the reasons for denial are determinative of what the OOR can consider on appeal.