# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Glue Wilkins,                                          :
              Petitioner                          :
                                   :
            v.                                       : No. 180 C.D. 2016
                                   : Submitted:  September 9, 2016
Hon. Kathleen Kane,                                   :
Philip M. McCarthy,                                   :
Lawrence M. Cherba and                                :
Robert A. Mulle,                                      :
              Respondents                       :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE JULIA K. HEARTHWAY, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge


<u>OPINION NOT REPORTED</u>


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                 FILED: September 29, 2016


Glue Wilkins (Requestor)[1] petitions *pro se* for review of a final determination of the Commonwealth of Pennsylvania's Office of Attorney General (OAG) denying his Right-to-Know Law (RTKL)[2] request for records relating to his appeal from a criminal conviction in the Court of Common Pleas of Dauphin County, prosecuted by the District Attorney of Dauphin County.  The OAG denied the request because it does not possess any records regarding his conviction.

---

[1] Requestor's full name appears to be Allen "Glue" L. Wilkins, Sr.

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

In November 2015, Requestor submitted a RTKL request to the OAG stating "pursuant to Title 42, §§ 9101-9183 Criminal History Record Information Act § 9152(e) and § 9161 I am seeking a copy of the OAG 'response' to the enclosed appeal filed 24 Oct 2015." (Record (R.) at 1) (emphasis in original.) Attached to his RTKL request form was an unsigned document dated October 24, 2015, that invoked the Criminal History Record Information Act (CHRIA), 18 Pa.C.S. §§ 9101-9183, but without saying how it gave Requestor access to the documents requested.[3] Requestor stated that he needed the documents to challenge the legality of the sentence imposed[4] by the Court of Common Pleas of Dauphin County as well as statements made by the county's First Deputy District Attorney.[5]

---

[3] The CHRIA applies "to persons within this Commonwealth and to any agency of the Commonwealth or its political subdivisions which collects, maintains, disseminates or receives criminal history record information." 18 Pa.C.S. § 9103. Section 9102 defines "Criminal history record information" as:

> Information collected by criminal justice agencies concerning individuals, and arising from the initiation of a criminal proceeding, consisting of identifiable descriptions, dates and notations of arrests, indictments, information or other formal criminal charges and any dispositions arising therefrom. The term does not include intelligence information, investigative information or treatment information, including medical and psychological information, or information and records specified in Section 9104 (relating to scope).

*Id.* at § 9102. As pertinent, Section 9104 provides that "nothing in this chapter shall be construed to apply to . . . [a]ny documents, records or indices prepared or maintained by or filed in any court of this Commonwealth, including but not limited to the minor judiciary." *Id.* at § 9104(a)(2).

[4] Requestor's criminal conviction is docketed at CP-22-CR-1235-2015.

[5] Requestor also referenced an additional criminal action docketed at CP-22-CR-3382-2002, but failed to explain its relevance.

On December 2, 2015, the OAG's Right-to-Know Officer (Agency Officer) denied his request because "our Criminal Law Division has advised that an agency response to your October 24, 2015, appeal does not exist and we cannot create a record that does not exist." (R. at 6.)[6] Requestor then appealed the decision to the Right-to-Know Appeals Officer (Appeals Officer),[7] once again citing to the CHRIA and stating that "[t]he OAG should by now have designated a hearing date – and response date in this matter – OR provided a rational (response) for not doing so pursuant to the Commonwealth Law." (R. at 8) (emphasis in original.) The Appeals Officer issued a final determination affirming the Agency Officer's denial of Requestor's RTKL request because the OAG does not possess the documents being requested. Requestor then filed this petition for review.[8]

On appeal, Requestor contends that the OAG erred when denying his RTKL request because, as best as we can determine, the CHRIA requires the OAG to create a response to his RTKL request, *i.e.* obtain records from other agencies to satisfy his request.[9]

---

[6] The Agency Officer explained that because the RTKL request made reference to the CHRIA, "we presume that you are not referring to Title 42 but intended to reference Title 18." (R. at 6.)

[7] Section 503(d)(1) of the RTKL, 65 P.S. § 67.503(d)(1), provides that the Attorney General, rather than the Office of Open Records, shall designate an appeals officer to hear appeals from the OAG's denial of a records request under the RTKL.

[8] This Court's standard of review is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

[9] While Requestor raises 20 issues in his brief, all such issues entirely fail to challenge the OAG's final determination. Seemingly, Requestor mounts this litany of purported issues in an attempt to collaterally challenge perceived defects with a criminal trial he was involved in. **(Footnote continued on next page…)**

Contrary to Requestor's contention, Section 705 of the RTKL, 65 P.S. § 67.705, clearly states that "[w]hen responding to a request for access, an agency shall not be required to create a record which does not currently exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize the record." *Id.* Requestor fails to cite to – and we cannot find – any portion of the CHRIA that could potentially contradict the RTKL's plain language. Further, the Agency Officer and Appeal Officer's response letters to Requestor clearly satisfy the OAG's burden of proving that the requested record does not exist. As we have recently explained:

> Section 703 of the RTKL states that a "written request should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested." 65 P.S. § 67.703. Upon receipt of the RTKL request, the agency must then "make a good faith effort to determine whether it has

---

**(continued…)**

Nonetheless, we divine this one cognizable issue from Requestor's petition for review, which provides:

> 1) Pursuant to the Commonwealth's TITLE 18 §§ 9101-9183 CRIMINAL HISTORY RECORD INFORMATION ACT . . . the Office of Attorney General is mandated to provide me a response to my 'appeal' filed under the Act.
>
> 2) Pursuant to the testimony of DAUPHIN COUNTY FIRST DEPUTY DISTRICT ATTORNEY FRANCIS T. CHARDO's testimony on 25 SEP 2015 . . . [and] PLEA AGREEMENT of the same date Commonwealth is mandated to a COMPLETE/CORRECT criminal history record.

(Amended Petition for Review at 2) (emphases in original.)

'possession, custody[,] or control of the identified record.'" *Department of Corrections v. Disability Rights Network of Pennsylvania*, 35 A.3d 830, 832 (Pa. Cmwlth. 2012) (citation omitted). If the agency responding to the RTKL request determines that the record does not exist, it has "[t]he burden of proving [that the] record does not exist." *Hodges v. Pennsylvania Department of Health*, 29 A.3d 1190, 1192 (Pa. Cmwlth. 2011). "[A]n agency may satisfy its burden of proof that it does not possess a requested record with either an unsworn attestation by the person who searched for the record or a sworn affidavit of nonexistence of the record." *Id.*; *see Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010) (finding that an unsworn attestation and a notarized affidavit swearing to the non-existence of a record were enough to satisfy the department's burden of demonstrating the record's non-existence).

*Smith Butz, LLC v. Pennsylvania Department of Environmental Protection*, (Pa. Cmwlth. No. 2026 C.D. 2015, filed June 17, 2016) (edits in original).

Accordingly, because the OAG has satisfied its burden of proof and because the RTKL does not require an agency to create a record that does not currently exist, let alone obtain records from other agencies, we affirm the OAG's final determination.[10]

_____
DAN PELLEGRINI, Senior Judge

---

[10] Requestor also filed a Motion for Judicial Notice of Petitioner's Plea Agreement. This court ordered that the motion be decided along with the merits of the case. Because of the way we resolved this matter, we deny Requestor's motion.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Glue Wilkins,                           :
                    Petitioner          :
                                        :
          v.                            : No. 180 C.D. 2016
                                        : Submitted:  September 9, 2016
Hon. Kathleen Kane,                     :
Philip M. McCarthy,                     :
Lawrence M. Cherba and                  :
Robert A. Mulle,                        :
                    Respondents         :


# **O R D E R**


AND NOW, this 29<u>th</u> day of <u>September</u>, 2016, it is hereby ordered that the final determination of the Office of Attorney General's Right-to-Know Appeals Officer dated January 7, 2016, is affirmed, and Glue Wilkins' Motion for Judicial Notice of Petitioner's Plea Agreement is denied.


_____
DAN PELLEGRINI, Senior Judge