IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Picarella, Jr.,                          :
                Petitioner        :
                                :
       v.                          :
                                :
Department of Corrections                :
(Office of Open Records),                :   No. 191 C.D. 2021
                Respondent        :   Submitted: July 23, 2021


BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: October 27, 2021


        Charles Picarella, Jr. (Picarella), *pro se* and proceeding *in forma pauperis*, petitions for review of a final determination of the Office of Open Records (OOR), dated February 19, 2021. The OOR denied Picarella's appeal from the partial denial by the Department of Corrections (Department) of Picarella's request for records under the Right-to-Know Law (RTKL).[1] Upon review, we affirm the OOR's final determination.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

## I. Background

Picarella is an inmate currently incarcerated at the State Correctional Institution at Mahanoy (SCI-Mahanoy). In November 2020, Picarella filed a request with the Department under the RTKL seeking "Records relating to the criteria used by the Department to determine the custody level of prisoners confined within the Department, including, but not limited to, quantitative scoring instrument(s) used to calculate such custody level." Certified Record (C.R.) at 26 (OOR Exhibit (Ex.) 3, at 8).[2] The Department identified the record responsive to Picarella's request as Department Policy 11.2.1 (Reception and Classification).

The Department granted the request in part and denied it in part. The Department provided Picarella a redacted version of Policy 11.2.1. C.R. at 23 (OOR Ex. 3, at 5). The Department denied Picarella's request regarding Section 3 (Pennsylvania Additive Classification Tool (PACT or PACT Manual)) of Policy 11.2.1. *Id.* The Department asserted the PACT Manual was exempt from disclosure under Section 708(b)(1)(ii) of the RTKL, 65 P.S. § 67.708(b)(1)(ii) (personal security exception);[3] Section 708(b)(2) of the RTKL, 65 P.S. § 67.708(b)(2) (law enforcement or other public safety activity exception);[4] Section 708(b)(16) of the

---

[2] For ease of reference, citations to the Certified Record throughout this opinion reflect electronic pagination of the PDF document.

[3] Section 708(b)(1)(ii) of the RTKL exempts from access records that "would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual." 65 P.S. § 67.708(b)(1)(ii).

[4] Section 708(b)(2) of the RTKL exempts from access records "maintained by an agency in connection with . . . law enforcement or other public safety activity that, if disclosed, would be reasonably likely to jeopardize or threaten public safety or preparedness or public protection activity . . . ." 65 P.S. § 67.708(b)(2).

2

RTKL, 65 P.S. § 67.708(b)(16) (criminal investigation exception);[5] and Section 708(b)(17) of the RTKL, 65 P.S. § 67.708(b)(17) (noncriminal investigation exception).[6] C.R. at 23-24 (OOR Ex. 3, at 5-6).

Picarella appealed to the OOR.[7] The OOR gave both parties an opportunity to submit additional evidence. The Department submitted correspondence detailing its claim that the PACT Manual was exempt from disclosure under the RTKL, along with a supporting declaration by Jason Stauffer (Stauffer), Supervisor of the Assessment and Classification Unit of the Treatment Services Division in the Department's Bureau of Reentry Coordination. C.R. at 32-39 (OOR Ex. 5, at 3-10). The Department argued that this Court has previously held the PACT Manual is exempt from disclosure. C.R. at 32-33 (OOR Ex. 5, at 3-4) (citing *Weaver v. Dep't of Corr.*, 702 A.2d 370 (Pa. Cmwlth. 1997), and *Smolsky v. Dep't of Corr.* (Pa. Cmwlth., No. 1718 C.D. 2010, filed June 1, 2011)[8]). Stauffer

---

[5] Section 708(b)(16) of the RTKL exempts from disclosure agency records "relating to or resulting in a criminal investigation[.]" 65 P.S. § 67.708(b)(16).

[6] Section 708(b)(17) of the RTKL exempts from disclosure records of agencies "relating to a noncriminal investigation[.]" 65 P.S. § 67.708(b)(17).

[7] Picarella initially claimed that the Department never responded to his request for records and that his request should be deemed denied. *See* C.R. at 2 (OOR Ex. 1, at 2); *see also* C.R. at 21 (OOR Ex. 3, at 3). The Department responded that it had timely provided a final response and that Picarella's appeal should be dismissed as moot. C.R. at 21 (OOR Ex. 3, at 3). The OOR responded to the Department, noting that there was likely "some lag between [Picarella's] receipt of the Department's response and his filing [of the] appeal . . . ." C.R. at 28 (OOR Ex. 4, at 2). In any event, the OOR added, "there was a denial of information[,]" and Picarella appealed, asserting that the requested records are public and challenging the partial denial, and, therefore, the Department was required to submit evidence in support of its partial denial. *Id.* Picarella later submitted a letter to the OOR, noting that he received the Department's response to his RTKL request and was no longer asserting there was a deemed denial. C.R. at 41 (OOR Ex. 6, at 2).

[8] Unreported decisions of this Court may be cited for their persuasive value in accordance with Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

declared that he is responsible for monitoring, among other things, "policies, procedures, and implementation of standardized and specialized offender classification and assessment tools and instruments for the Department, including the [PACT Manual]." C.R. at 36 (OOR Ex. 5, at 7). He explained that the Department maintains the PACT Manual in connection with its official law enforcement function of supervising incarcerated inmates. C.R. at 37 (OOR Ex. 5, at 8). The PACT Manual is an investigatory tool used to assess inmate security needs and determine their housing and custody levels. *Id.* Stauffer posited that if inmates were granted access to the PACT Manual, they could use it to manipulate their assigned housing and custody levels, thus resulting in inappropriate housing/security decisions. C.R. at 37 (OOR Ex. 5, at 8). For example, if an inmate was assigned to a less secure housing and custody level due to manipulation of the system, it would cause a risk to others and potentially a risk of the inmate attempting to escape. C.R. at 37-38 (OOR Ex. 5, at 8-9). It would also allow the inmate to be wrongly considered for, *inter alia*, parole and outside work assignments. C.R. at 38 (OOR Ex. 5, at 9). Stauffer therefore concluded that "disclosure of the requested records is reasonably likely to result in a substantial and demonstrable risk of physical harm to, or the personal security of, institution staff and/or the community if inmates are improperly classified to an inappropriate setting or the public [is] provided the personal and security sensitive information contained" in the PACT Manual. C.R. at 38-39 (OOR Ex. 5, at 9-10). Further, disclosure of the PACT Manual "is reasonably likely to threaten the public safety [and] compromise the Department's public protection activities and function of maintaining order and control of inmates." C.R. at 38-39 (OOR Ex. 5, at 9-10).

4

In his supplemental correspondence submitted in support of his appeal, Picarella challenged the redaction of the PACT Manual, stating that Stauffer's claims regarding the PACT Manual and personal security are mere opinions and that Stauffer does not have any relevant training or knowledge in the areas of prison security and/or prisoner physiology. C.R. at 48-49 (OOR Ex. 8, at 4-5). Moreover, he asserted that Stauffer has not presented any facts to establish that if the PACT Manual is released to inmates, they will use it to manipulate their custody levels. C.R. at 49 (OOR Ex. 8, at 5). Picarella claimed that the PACT Manual assessment process uses information obtained from inmate court and criminal history records and provided by prison staff, which is contained in the Department's computer system. Inmates do not self-report any information to the Department. *Id.* Because inmates are not part of the assessment process, and have no access to the Department's computer system, Picarella maintained that there is no way they could manipulate any of the information. *Id.* He therefore claimed that the Department failed to establish a reasonable likelihood that disclosure of the PACT Manual would result in a risk to personal security, jeopardize or threaten public safety or preparedness or a public protection activity, or hinder the Department's ability to conduct administrative investigations. C.R. at 50-53 (OOR Ex. 8, at 6-9).

The OOR concluded the Department had adequately supported its position that the PACT Manual was exempt from disclosure under Section 708(b)(1)(ii) of the RTKL, the personal security exception, and that disclosure of the PACT Manual "would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual." C.R. at 61-62 (OOR Ex. 10, at 5-6). The OOR accepted Stauffer's declarations regarding the PACT Manual and this Court's reasoning in *Smolsky*. Therefore, the

OOR issued a final determination denying Picarella's appeal. C.R. at 58-63 (OOR Ex. 10, at 2-7). Picarella petitioned this Court for review of the OOR's determination.

## II. Issues

On appeal,[9] Picarella argues that the OOR erred in determining that there was a risk in disclosing the PACT Manual because inmates could use it to manipulate their housing and custody levels. Picarella's Brief at 6. Picarella repeats his claims asserted in his submission to the OOR, including that the information is input into the Department's computer system and that inmates have no access to the system; therefore, inmates cannot manipulate the information. *Id.* at 4-5. Picarella again contends that Stauffer's declaration was insufficient to establish an exemption from disclosure under the RTKL because no evidence was presented "that Stauffer has any knowledge or understanding of personal security or public safety issues which would form a basis for exemption [from] disclosure of the PACT [Manual]." *Id.* at 5-6.[10]

The Department responds that the OOR correctly denied Picarella's appeal because the PACT Manual is exempt from disclosure under Section 708(b)(1)(ii) of the RTKL, 65 P.S. § 67.708(b)(1)(ii) (exempting access to a record

---

[9] Our standard of review of determinations made by appeals officers under the RTKL is *de novo*, and our scope of review is plenary. *Bowling v. Off. of Open Recs.*, 75 A.3d 453, 477 (Pa. 2013).

[10] Picarella also argues that the Department failed to meet its burden of proving that the PACT Manual is exempt from disclosure under Section 708(b)(2) of the RTKL, 65 P.S. § 67.708(b)(2) (law enforcement or other public safety activity exemption), and Section 708(b)(17) of the RTKL, 65 P.S. § 67.708(b)(17) (noncriminal investigation exemption). Picarella's Brief at 8-10. However, the OOR specifically determined that the personal security exemption of Section 708(b)(1)(ii) of the RTKL applied. Because we agree, we do not reach Picarella's additional arguments.

6

that "would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual"). The Department argues that Stauffer's declaration sufficiently established that the PACT Manual is exempt from disclosure under the RTKL. The Department also points out that this Court has previously held, in *Smolsky* and *Weaver*, that the release of the PACT Manual to inmates could endanger the personal security of the community, Department staff, and other inmates. The Department requests that this Court affirm the OOR's decision.

## III. Discussion

The principle underlying the RTKL is to allow citizens to scrutinize government activity and increase transparency. *SWB Yankees LLC v. Wintermantel*, 45 A.3d 1029, 1034 (Pa. 2012). Accordingly, records in the possession of a government agency are presumed to be public. Section 305(a) of the RTKL, 65 P.S. § 67.305(a). That presumption may be overcome, however, if: "(1) the record is exempt under Section 708; (2) the record is protected by a privilege; or (3) the record is exempt from disclosure under any other Federal or State law or regulation or judicial order or decree." 65 P.S. § 67.305(a).

"Exemptions from disclosure must be narrowly construed due to the RTKL's remedial nature . . . ." *Off. of Governor v. Scolforo*, 65 A.3d 1095, 1100 (Pa. Cmwlth. 2013). "An agency bears the burden of proving, by a preponderance of the evidence, that a record is exempt from disclosure under one of the enumerated exceptions." *Brown v. Pa. Dep't of State*, 123 A.3d 801, 804 (Pa. Cmwlth. 2015); Section 708(a)(1) of the RTKL, 65 P.S. § 67.708(a)(1).

7

Under the personal security exception, the RTKL exempts from access "[a] record, the disclosure of which . . . would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual." 65 P.S. § 67.708(b)(1)(ii). "To establish this exception applies, an agency must show (1) a 'reasonable likelihood' of (2) 'substantial and demonstrable risk' to a person's security." *Governor's Off. of Admin. v. Purcell*, 35 A.3d 811, 820 (Pa. Cmwlth. 2011).

Here, the Department relies on *Weaver* and *Smolsky*. In *Weaver*, we considered whether the PACT Manual, which "is utilized by Department treatment staff in determining the level of custody of each inmate, which, in turn, dictates an inmate's housing status[,]" was subject to disclosure under the former Right-to-Know Act (RTKA), Act of June 21, 1957, P.L. 390, *as amended*, *formerly* 65 P.S. §§ 66.1-66.4, repealed by the RTKL. *Weaver*, 702 A.2d at 371. Ultimately, we held that the PACT Manual was exempt from disclosure under Section 1 of the RTKL, *formerly* 65 P.S. § 66.1, which excluded from the general definition of "public record" any "report, communication[,] or other paper, the publication of which would disclose the institution, progress[,] or result of an investigation undertaken by an agency in the performance of its official duties . . . or which would operate to the prejudice or impairment of a person's reputation or personal security." *Weaver*, 702 A.2d at 372-73. Specifically, we accepted the Department's argument that "the PACT Manual is an assessment tool to assess inmates for housing, and to allow them access will allow them to manipulate that assessment, causing an inappropriate housing decision for an inmate[,]" which "could then . . . endanger the inmate, other inmates[,] or staff." *Id.* at 372.

8

In *Smolsky*, an inmate sought disclosure of Department Policy 11.3.1 and the "PACT Classification Form"[11] under the RTKL. Slip op. at 1-2. The Department denied the request under Section 708(b)(1)(ii) (personal security exception), Section 708(b)(2) (law enforcement or other public safety activity exception), and Section 708(b)(17) (noncriminal investigation exception) of the RTKL. *Id.*, slip op. at 2. On appeal to the OOR, the inmate argued that he was not seeking the PACT Manual itself, but rather, was seeking only the Department's policy statement regarding PACT and the PACT Classification Form. *Id.*, slip op. at 4-5. He contended those records were not exempt from disclosure. *Id.* The Department agreed to provide the policy statement but refused to disclose the PACT Classification Form, asserting that the form was exempt from disclosure under the above three exceptions of the RTKL. *Id.*

In support of its refusal, the Department presented the declaration of Rex Hildebrand, who held a similarly titled position to that now held by Stauffer. *Id.*, slip op. at 5. Hildebrand explained that the Attachments to the PACT Manual, which include the PACT Classification Form and contain other forms and references to the PACT Manual for the assessment of inmate security, housing, and custody needs/levels, are part of the PACT Manual[12] and that the Department prohibits

---

[11] For the first time on appeal to this Court, Picarella appears to assert that he is seeking a blank PACT Classification Form, not a completed one. *See* Picarella's Brief at 3, 7, 9-10. The Department points out that Picarella initially requested "quantitative scoring instrument(s)[,]" not the PACT Classification Form, completed or otherwise. Department's Brief at 8. We agree and note that a requester cannot modify his original request on appeal to the OOR or this Court. *Dep't of Corr. v. Disability Rights Network of Pa.*, 35 A.3d 830, 833 (Pa. Cmwlth. 2012).

[12] In his declaration, Hildebrand explained that PACT information was once contained in Department Policy 11.3.1, but is now found in Department Policy 11.2.1, which has two main sections: a policy statement, which is available to the public, and a Procedures Manual, Section 3 of which contains the PACT Manual, including several attachments sequentially numbered Attachment 3-A to Attachment 3-G. *Weaver*, slip op. at 5 n.7. Hildebrand understood the inmate's

9

inmate access to the PACT forms. *Id.*, slip op. at 5-6. Hildebrand further declared that the PACT Manual and its Attachments are investigatory tools used to determine such inmate needs, and that allowing inmates access to the PACT Manual and its Attachments would likely result in inmates manipulating the process, thus resulting in inappropriate housing and security decisions. *Id.*, slip op. at 6. For example, if an inmate was assigned to a less secure housing and custody level due to manipulation of the system, it would cause a risk to others and potentially a risk that the inmate might attempt to escape. *Id.* It would also allow the inmate to be wrongly considered for, *inter alia*, parole and outside work assignments. *Id.*

The OOR dismissed as moot in part the inmate's appeal relating to the policy statement and denied the inmate's appeal in part as to the PACT Classification Form, concluding that the Form was exempt from disclosure under Section 708(b)(1)(ii) of the RTKL. *Id.* The OOR based its decision on Hildebrand's declaration and this Court's reasoning in *Weaver*. *Id.*, slip op. at 6-7.

The inmate petitioned this Court for review of the OOR's decision, and we affirmed. We observed that, "[a]lthough *Weaver* was decided under the old version of the RTKL, its reasoning is still viable." *Id.*, slip op. at 8. Noting the holding in *Weaver* that public disclosure of the PACT Manual could endanger the personal security of inmates and prison staff due to the manipulation risk posed by allowing inmates access to the PACT Manual, we determined that inmates could similarly use the PACT Classification Form to manipulate the Department's housing and security assessments, which could result in inappropriate housing decisions. *Id.* We declined to view the PACT Classification Form as separate from the PACT Manual, based on Hildebrand's declarations. *Id.* Accordingly, we held that the

_____

request for the PACT Classification Form to be a request for Attachments 3-A (Initial Classification Form) and/or 3-C (Reclassification Form) of the PACT Manual. *Id.*

PACT Classification Form was exempt from disclosure under Section 708(b)(1)(ii) of the RTKL, as disclosure of the Form "'would be reasonably likely to result in a substantial and demonstrable risk [to] . . . the personal security' of the inmate, other inmates, [Department] Staff, or the public." *Id.*

Here, the Department submitted Stauffer's declaration in support of its position. C.R. at 36 (OOR Ex. 5). Picarella baldly suggests that Stauffer is not qualified to address personal security or public safety issues that would form a basis for exemption of the PACT Manual from disclosure. Picarella's Brief at 5. However, Picarella presents no argument or analysis explaining why Stauffer's job duties render him incapable of providing his opinion, as the supervisor who oversees "implementation of standardized and specialized offender classification and assessment tools and instruments for the Department, including the [PACT Manual,]" as to personal security or safety concerns regarding the disclosure of the PACT Manual. C.R. at 36 (OOR Ex. 5, at 7). Further, although Picarella purports to have personal knowledge regarding the PACT Manual, claiming that inmates have no input in the process, he provides no factual basis for his claim. Picarella's Brief at 6-7.

As set forth above, Stauffer declared that the PACT Manual is an investigatory tool used to assess inmate security needs and determine their housing and custody levels; inmates with access to the PACT Manual could use it to manipulate their assigned housing and custody levels and wrongly obtain consideration for parole and outside work assignments that would pose a risk to the community. C.R. at 38 (OOR Ex. 5, at 8-9). As such, according to Stauffer's declaration, the disclosure of the PACT Manual is reasonably likely to pose a safety risk to the inmate, Department Staff, other inmates, and the public. C.R. at 38-39

11

(OOR Ex. 5, at 9-10). We agree and hold, as in *Weaver* and *Smolsky*, that the Department has established that the disclosure of the PACT Manual "would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of" the public, Department staff, and other inmates, and, therefore, that the PACT Manual is exempt from disclosure under Section 708(b)(1)(ii) of the RTKL.

## IV. Conclusion

Accordingly, we affirm the OOR's final determination.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Picarella, Jr.,             :
             Petitioner       :
                              :
           v.                  :
                              :
Department of Corrections     :
(Office of Open Records),      :    No. 191 C.D. 2021
             Respondent    :

## O R D E R

AND NOW, this 27th day of October, 2021, the February 19, 2021 final determination of the Office of Open Records is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge