IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ernest E. Thomas Jr.,                    :
                    Appellant            : No.  1179 C.D. 2021
                                         : Submitted:  May 5, 2023
          v.                             :
                                         :
Lebanon County District Attorney and     :
Lebanon County Open Records Officer      :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                        FILED:  December 20, 2023


          Ernest E. Thomas Jr. (Thomas), pro se, appeals the Order of the Court of
Common Pleas of Lebanon County (Common Pleas) entered September 2, 2021,
denying his request for records from the Lebanon County Open Records Officer
(Open Records Officer) and the Lebanon County District Attorney's Office (District
Attorney's Office) under the Right-to-Know Law[1] (RTKL) and also denying his
motion for default judgment.  After review, we affirm the Common Pleas' Order.

                              **BACKGROUND**

          On March 7, 2016, Thomas submitted a written request to the Open Records
Officer seeking:

---
[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

All records pertaining to Child Abuse Response Team grant [(CART grant)] approved by the Pennsylvania Commission on Crime & Delinquency around December 12, 2000. Records to include, but not limited to; 1) Initial application records; 2) All interoffice communications, to include, but not limited to, communications prior to, but concerning applying for the grant, the grant process, receipt of the grant, and how grant monies will be spent; and 3) Records indicating how grant monies were disbursed.

Original Record (O.R.), Item No. 24. On March 16, 2016, the District Attorney's Office wrote to Thomas indicating it was reviewing Thomas's request, which it received from the Open Records Officer. O.R., Item No. 3. On April 15, 2016, the District Attorney's Office denied Thomas's request. *Id*. Specifically, Assistant District Attorney Jonathan C. Faust (Faust) sent Thomas a letter indicating the District Attorney's Office was "not in possession of [the requested records] as they do not exist." *Id*. Thomas appealed the denial to the District Attorney's Office's Appeals Officer David J. Arnold Jr. (Arnold) and on May 19, 2016, Arnold denied Thomas's appeal. *Id*. Arnold indicated that after a thorough review, the District Attorney's Office was "not in possession of any documents that [were] responsive to [Thomas's] request." *Id*. Arnold specified the requested records sought by Thomas did not exist. *Id*.

On June 8, 2016, Thomas appealed the denial to Common Pleas. In his appeal, Thomas argued the requested records were in existence at the time of his request and the District Attorney's Office acted in bad faith by failing to provide the requested records. O.R., Item No. 24. Specifically, Thomas relied on two letters (Letters) in his possession to support his assertion that the requested records existed. *Id*. The first letter, dated October 31, 2000 (October 2000 Letter), on District Attorney's Office letterhead was addressed to a prospective employment candidate and stated in relevant part as follows:

2

I have enclosed a Lebanon County employment application for you to complete. Please completely fill out this application to include all addresses and telephone numbers. Please attach any and all training certificates to include your DD214 and discharge from military service and a copy of your high school graduation diploma. I will need to review anything you may want me to take into consideration in considering you for the position of County Detective for the County of Lebanon. I have also attached a general release of information form that you must execute and return to me so that I may request copies of all your official records from various agencies.

I will be in contact with you at a future date **after we have been notified of the [Commission's] approval of this pending grant.** I will schedule an interview for you the week you are going to be in Lebanon. Please understand that it may be necessary for you to return to Lebanon sometime during December 2000 for a second interview.

O.R., Item No. 3 (emphasis added). The October 2000 Letter was signed by the chief county detective. The second letter was dated December 19, 2000 (December 2000 Letter), on District Attorney's Office letterhead, addressed to the county's personnel director from the chief county detective, and stated:

I am recommending that [the employment candidate] be hired as the new Lebanon County Detective for the Lebanon County Detective Bureau. The starting rate for this position will be $$1,067.73 [sic] biweekly ($27,761.00 per year). I recommend that he be placed into this position as of the pay period starting January 8, 2000. **This detective position will be paid by the [CART grant] which was approved by the [Commission] on December 12, 2000.** I have attached a copy of [the employment candidate's] Lebanon County employment application for your records. If I can be of any further assistance to you in this matter, please call me.

O.R., Item No. 3 (emphasis added). Thomas argued that the Letters contradicted the District Attorney's Office's position that the requested records did not exist. *Id.*

On April 27, 2021, Thomas filed a motion for default judgment asserting the District Attorney's Office and the Open Records Officer acted in bad faith by failing

to provide the requested records and asking Common Pleas to order them to provide the requested records. O.R., Item No. 25. The District Attorney's Office filed a verified answer to Thomas's motion for default judgment (Answer). O.R., Item No. 26. In its Answer, Megan E. Ryland Tanner, Senior Deputy District Attorney (Ryland Tanner), indicated she reviewed the files provided by the former open records officer and the requested records did not exist. *Id*. Ryland Tanner further elaborated that she had been employed by the District Attorney's Office since 2005 and the CART grant had not been in place during her employment. *Id*.

On May 10, 2021, Common Pleas issued an Order and Opinion denying Thomas's RTKL appeal and motion for default judgment (First Order and Opinion). O.R., Item No. 27. After issuing its First Order and Opinion, Common Pleas received Thomas's response to the District Attorney's Office's Answer and, having not had an opportunity to review Thomas's response, Common Pleas vacated its First Order and Opinion. O.R., Item No. 29.

On September 1, 2021, Common Pleas issued another Order and Opinion denying Thomas's RTKL appeal and motion for default judgment (Second Order and Opinion). O.R., Item No. 35. Common Pleas believed the documentation received from Ryland Tanner "based on her personal knowledge and her personal review of the records of the District Attorney['s] Office" demonstrated that it would be "simply impossible for [the District Attorney's Office and the Open Records Office] to provide items to [Thomas,] which, even if they did exist at some time, are no longer in existence and did not exist at the time this request was made." *Id*. As such, Common Pleas found no bad faith on the part of the District Attorney's Office and the Open Records Office and denied Thomas's RTKL request and motion for default judgment. *Id*.

4

Thomas now appeals to this Court. By order dated December 21, 2021, this Court noted this appeal may be untimely and directed the parties to address the timeliness of this appeal in their briefs on the merits or in an appropriate motion. Order, 12/22/21. On appeal, Thomas argues (1) his appeal was timely filed under the prisoner mailbox rule, (2) Common Pleas erred by denying his RTKL records request, and (3) Common Pleas erred by not finding that the District Attorney's Office and Open Records Officer failed to perform their duties under the RTKL. Thomas's Br. at ii. In response, the District Attorney's Office asserts (1) Thomas's appeal should be dismissed because it is untimely and (2) Common Pleas correctly denied Thomas's RTKL appeal as the requested records do not exist. District Attorney's Office Br. at 11, 16.[2]

**DISCUSSION**

Initially, we address the timeliness of Thomas's appeal. An appellant's failure to timely file an appeal strips this Court of jurisdiction to consider the appeal. *Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014). Pennsylvania Rule of Appellate Procedure (Rule) 903(a) controls appeals from court orders and provides: "Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed **within 30 days after the entry of the order** from which the appeal is taken." Pa.R.A.P. 903(a) (emphasis added). Rule 902 outlines the manner of taking an appeal from a court order: "An appeal permitted by law as of right from a lower court to an appellate court shall be taken by **filing a notice of appeal** with the clerk of the lower court within the time allowed by Rule 903 (time for appeal)." Pa.R.A.P. 902 (emphasis added). Generally, the determination of the date of the appeal is guided by Rule 905(a)(3), which states:

---

[2] The Open Records Officer was precluded from filing a brief by October 28, 2022 order of this Court.

5

"Upon receipt of the notice of appeal the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket." Pa.R.A.P. 905(a)(3). However, because inmates cannot "personally travel to the courthouse" to file pleadings, the courts have adopted the "prisoner mailbox rule." *Smith v. Pa. Bd. of Prob. & Parole*, 683 A.2d 278, 281 (Pa. 1996) (citation omitted). "Under the prisoner mailbox rule, a prisoner's pro se appeal is deemed filed at the time it is given to prison officials or put in the prison mailbox." *Kittrell v. Watson*, 88 A.3d 1091, 1096 (Pa. Cmwlth. 2014). The prisoner mailbox rule is memorialized in Rule 121(f), which provides:

> A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence.

Pa.R.A.P. 121(f) (emphasis added).

For a prisoner to benefit from the prisoner mailbox rule, the prisoner bears the burden of proving that he timely gave his appeal to prison officials. *Kittrell*, 88 A.3d at 1097. We have considered various ways a prisoner may do this. Relevant to this appeal, in *Smith*, we indicated that the Department of Corrections Form DC-138A Cash Slip (Cash Slip) the prison authorities gave the prisoner noting both the deduction from his account for the mailing to the prothonotary and the date of the mailing was sufficient evidence. 683 A.2d at 282. We further expressed in *Smith* that an affidavit attesting to the date of deposit with the prison officials could be considered. *Id*. "[W]e are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities." *Commonwealth v. Jones*, 700 A.2d 423, 427 (Pa. 1997).

6

Here, Common Pleas entered the order from which Thomas seeks to appeal on September 2, 2021. Therefore, Thomas had until October 4, 2021,[3] to file his appeal. According to Common Pleas' docket entries, the Lebanon County prothonotary received Thomas's appeal on October 8, 2021. However, we observe Thomas has appended to his brief two Cash Slips from the Department of Corrections dated September 29, 2021, indicating payment of postage costs to mail his notice of appeal to the Lebanon County prothonotary and Common Pleas.[4] Thomas's Br. Ex. K, L. Additionally, our review of the original record reflects that Thomas's notice of appeal and certificate of service are both dated September 29, 2021. O.R., Item No. 37. Therefore, we conclude that, under the prisoner mailbox rule, Thomas timely filed his notice of appeal on September 29, 2021.

Next, we turn to the merits of Thomas's appeal. As Common Pleas conducted a *de novo* review, we review Common Pleas' decision for an abuse of discretion.

---

[3] Thirty days from September 2, 2021, would set the filing deadline at October 2, 2021. However, because October 2, 2021, was a Saturday, Thomas had until Monday, October 4, 2021, to file his notice of appeal from Common Pleas' order. 1 Pa.C.S. § 1908.

[4] The District Attorney's Office argues Thomas has not supplemented the original record to include any documentation addressing the timeliness of his appeal and, therefore, this Court should not consider his arguments. However,

> our rules of appellate procedure are to be "liberally construed to secure the just, speedy and inexpensive determination of every matter to which they are applicable." Pa.R.A.P. 105. Moreover, "[t]he extreme action of dismissal should be imposed by an appellate court sparingly, and clearly would be inappropriate when there has been substantial compliance with the rules and when the moving party has suffered no prejudice." *Stout v. Universal Underwriters* [*Ins.*] *Co.,* 421 A.2d 1047, 1049 (Pa. 1980).

*Smith*, 683 A.2d at 280. The District Attorney's Office does not dispute the authenticity of the Cash Slips or provide any indication that it is prejudiced by our consideration of them. Because "our rules are not intended to be so rigidly applied as to result in manifest injustice where there has been substantial compliance and no prejudice[,]" *id.* at 282, we consider the Cash Slips appended to Thomas's brief despite their not being included in or supplemented to the original record.

*Am. C.L. Union of Pa. v. Pa. State Police*, 232 A.3d 654, 665 (Pa. 2020). We will find an abuse of discretion only if the lower court "overrides or misapplies the law; exercises manifestly unreasonable judgment; or manifests partiality, bias, or ill will." *Id*. Thomas contends Common Pleas erred in concluding the District Attorney's Office and Open Records Officer sustained their burden of demonstrating that the requested records did not exist under the RTKL. We disagree.

The RTKL is "designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions." *Bowling v. Off. of Open Recs.*, 990 A.2d 813, 824 (Pa. Cmwlth. 2010). As such, an agency must disclose public records that are not otherwise exempt from disclosure upon request. Sections 102 & 302 of the RKL, 65 P.S. § 67.102, 67.302. Upon receipt of an RTKL request, an agency must "make a good faith effort to determine whether it has 'possession, custody[,] or control of the identified record.'" *Dep't of Corr. v. Disability Rts. Network of Pa.*, 35 A.3d 830, 832 (Pa. Cmwlth. 2012) (citation omitted). An agency is not required to create a record if the requested record does not currently exist. Section 705 of the RTKL, 65 P.S. § 67.705. Where an agency determines a requested record does not exist, the agency has "[t]he burden of proving [that the] record does not exist." *Hodges v. Pa. Dep't of Health*, 29 A.3d 1190, 1192 (Pa. Cmwlth. 2011). To satisfy its burden, the agency may provide either an unsworn attestation by the person who searched for the record or a sworn affidavit of nonexistence of the record. *Id*.; *see also Moore v. Off. of Open Recs.*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010). In the absence of any competent evidence that the agency acted in bad faith or that the requested record exists, the agency's attestations or affidavits should be accepted as true. *McGowan v. Pa. Dep't of Env't Prot.*, 103 A.3d 374, 382-83 (Pa. Cmwlth. 2014).

In this case, individuals from the District Attorney's Office searched its records and submitted attestations that it was not in possession of the requested records, i.e., that the requested records did not currently exist. Specifically, Faust, Arnold, and Ryland Tanner each made separate attestations that they searched for the records and the requested records did not exist. Ryland Tanner provided additional information averring that the District Attorney's Office had not received the CART grant since at least 2005. These attestations by individuals from the District Attorney's Office, who personally searched for the requested records, are enough to satisfy the District Attorney's Office's and Open Records Officer's burden of demonstrating the nonexistence of the records in question.

Thomas argues the Letters prove that the District Attorney's Office acted in bad faith as the requested records must exist based on the reference to the CART grant in the Letters. However, even if we agreed with Thomas's assertion, the Letters were written in 2000, which was approximately 16 years before Thomas's request. Thus, even assuming those records existed in 2000, the statutory language in Section 705 of the RTKL provides that "an agency shall not be required to create a record which does not *currently exist.*" 65 P.S. § 67.705. Under this section, whether a record existed at some point in time is not the proper standard as the standard is whether such a record exists and is in possession of the agency **at the time of the request**. *Moore*, 992 A.2d at 909. Additionally, an agency has no obligation under the RTKL to retain records that may have existed some point in the past. *See* Section 507 of the RTKL, 65 P.S. § 67.507; *PG Publ'g Co., Inc. v. Governor's Off. of Admin.*, 120 A.3d 456 (Pa. Cmwlth. 2015). Therefore, Common Pleas did not err in concluding the District Attorney's Office and Open Records Officer sustained their burden of demonstrating the requested records did not exist.

**CONCLUSION**

Because Thomas did not set forth any competent evidence demonstrating the District Attorney's Office or the Open Records Officer acted in bad faith or the requested records existed at the time of his request, Common Pleas properly accepted as true the attestations made by members of the District Attorney's Office averring that the requested records did not exist. The District Attorney's Office cannot grant access to records that do not exist. Accordingly, Common Pleas did not abuse its discretion and properly denied Thomas's RTKL appeal, as well as his motion for default judgment.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ernest E. Thomas Jr.,                                     :
                            Appellant             :  No.  1179 C.D. 2021
                                                              :
        v.                                                  :
                                                              :
Lebanon County District Attorney and   :
Lebanon County Open Records Officer  :


# **O R D E R**


**AND NOW**, this 20th day of December 2023, the September 2, 2021 order of the Court of Common Pleas of Lebanon County is **AFFIRMED**.


_____
STACY WALLACE, Judge